**TEXAS STATE BOARD OF DENTAL EXAMINERS, Appellant,**

v.

**Dr. John F. PRICHARD, Appellee.**

**No. 17051.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 24, 1969.

Rehearing Denied Nov. 21, 1969.

Board of Dental Examiners, by which the license of the appellee, Dr. John F. Prichard, to practice dentistry in the State of Texas, was suspended for a period of thirty (30) days beginning on November 15, 1967. The appellant's suspension order dated September 26, 1967, based upon a complaint that appellee in 1967 violated appellant's Telephone Directory Listing Rules and Regulations Sections (a), (b), and (c) and Subsection (j) of the second portion of Article 4559, Vernon's Ann.Civ. St., also provided that should the appellee notify the appellant and the telephone company in writing on or before November 15, 1967, of his willingness to comply with the listing rules and regulations in the next published directory then such suspension would be cancelled.

Rather than submit to the appellant's order of suspension and the conditions attendant to it the appellee perfected his appeal from such order to the District Court. The case was tried to the court without a jury. After a full hearing the trial judge declared the order of suspension to be of no force and effect and accordingly entered judgment setting it aside.

No finding of fact or conclusions of law were requested and none were filed.

The appellant expresses its displeasure with the judgment based upon two points of error by which it contends that the record before the court fails to establish that the order of suspension was arbitrary, illegal, void, etc., and that such order had reasonable support in substantial evidence.

From the time of the filing of the original complaint against him, throughout the hearing before the appellant Board, during the trial in the district court, and on this appeal by his counterpoints the appellee has maintained that the Telephone Directory Listing Rules and Regulations in question are void because the appellant lacked statutory authority to promulgate them. We are in accord with this position.

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., W. V. Geppert, Staff Legal Asst. Atty. Gen., J. C. Davis and Pat Bailey, Asst. Attys. Gen., Austin, for appellant.

Garrett, Garrett & Callaway, and Rufus S. Garrett, Jr., Fort Worth, for appellee.

LANGDON, Justice.

## OPINION

This appeal is from a judgment setting aside the order of appellant, Texas State

Thus the primary and essential question to be determined on this appeal is whether or not the appellant had the statutory authority to adopt and promulgate the rules and regulations in question. If it had no such authority then such rules and regulations are void from their inception and unenforceable.

The facts in the record concerning the background and history of the appellee and the Telephone Listing Rules and Regulations will in our opinion be most helpful in portraying the nature of the situation involved in this case as it was unfolded before the trial court. These facts are summarized as follows:

Appellee, Dr. John F. Prichard, has been licensed by the appellant to practice dentistry continuously since 1928, the same year he received his D.D.S. degree from Baylor at Dallas. He is a doctor of dental surgery. His practice is limited to periodontics. He has had numerous post graduate courses in periodontics at such institutions as Boston University, Beth Israel Hospital in Boston, Northwestern University, and the University of Michigan. He is a past-president of the American Society of Periodontics, a Diplomate of the American Board of Periodontology. The latter was the result of a National Board examination in 1947, at which time he was certified as a specialist in periodontics. He is a member of the American Dental Association, the American Academy of Oral Roentgenology, the State and District Dental Associations, and of numerous other professional societies.

He is the author of a 600 page published textbook on advanced periodontal disease which is in general use with practically all graduate courses and a number of undergraduate dental schools.

He is a Senior Consulant of the Periodontics Department of the University of Washington in Seattle, a visiting lecturer in the Periodontics Department of the University of Pennsylvania. He has been active with and is now Honorary Consultant to the United States Public Health Service through the Air Force at Lackland, Carswell, and the United States Public Health Hospital in Fort Worth.

In 1967 when the complaint in question was filed the appellee was listed in the yellow pages of the Fort Worth telephone directory under his specialty as follows:

*"Dentists—Periodontists (Gum Diseases)*

"Prichard, John F."

Business Address—phone number

Residence Address—phone number.

He has been listed in exactly the same manner since 1947, the year in which he was certified as a specialist in periodontics.

Through the years preceding the adoption of the directory listing rules here involved, it has been the customary procedure for dental specialists to list their names in the telephone directory in the same manner as the appellee.

It has likewise been customary for medical doctors and doctors of osteopathy and related professions to list in the yellow pages in the same manner under the heading of their specialties.

On August 3, 1961, the Telephone Directory Listing Rules and Regulations in question were adopted by the appellant.

Mr. Tom A. Garner, Sr., is the Assistant Executive Secretary of the appellant Board and an investigator for it. He has been an employee of the Board since September 1, 1947. He was the appellant's sole witness. He was familiar with the rules in question and attended the meetings and discussions which led to their promulgation and adoption. His testimony concerning these matters is summarized as follows: The rules were not initiated by the appellant. The latter

had been continuously asked for a "uniform telephone listing" by the general practitioners (dentists having no specialty). The appellant in response to the requests, "to come up with some type of rule and regulation concerning telephone listings", held four different hearings concerning the rules at Dallas, Houston, Austin and Corpus Christi. The majority of the members of the profession were in favor of and desired to be governed by the rules. The Board adopted the rules in question solely because the majority of the dentists voted in favor of them. No other reason or explanation for the appellant's action in adopting the rules in question was given or testified to.

The dentists (general practitioners) desired the rules because, according to Mr. Garner, it is they who send specialists their business and they feel like the patient should let them "decide who he should go to."

"Q. Now the general practitioners have the feeling that they should control whether or not a patient was sent to a specialist, is that correct?

"A. The general practitioner felt like that they should be the one who decided whether a man needed an oral surgeon, a periodontist, or an orthodontist, that is the way they felt. That the patient should not decide that that is who he needed.

"Q. That was the only reason that this rule was adopted?

"A. That's my understanding."

The desire to control referrals was the only reason the dentists (general practitioners) desired the rule in question. They outnumber the specialists 20 to 1. Only five (5) dentists out of every 105 are specialists.

Mr. Garner was asked by the court whether in the course of his investigation he determined the professional standing of appellee in this community. His answer was, "Oh, Judge, I have known Dr. Prichard's character and reputation for 22 years."

"THE COURT: And what is it?

"A. It is unsurpassed.

"THE COURT: Does he have professional skill?

"A. Oh, yes.

"THE COURT: Never been any charges made against him before with the Board?

"A. Oh, no."

Mr. Garner's testimony was concluded by his admission that the only thing involved in this case is simply a difference of opinion rather than unprofessional conduct.

The difference in opinion between appellee and appellant concerns the latter's authority to adopt the rules in question.

"It is stipulated and agreed that the following are Sections (a), (b) and (c) of the Telephone Directory Listing Rules and Regulations of the Texas State Board of Dental Examiners referred to in the order of the Texas State Board of Dental Examiners suspending the license of Plaintiff:

"'4. Telephone Directory Listings

"'(a) A dental licensee may not have more than two professional listings such as are usually contained in a telephone book, one in the "white" and one in the "yellow" section, and such listing shall be in regularly used small size type and not be printed in large or bold face type, or be multi-colored, or set in a border of any kind. Such listings may contain only the name, the dental degree or degrees conferred on such licensee, the address and

the telephone numbers of the practitioner at such address. Where a practitioner limits his practice to one specialty he may add, immediately following his alphabetical listing, such limitation of practice or specialty as provided in these rules. A practitioner shall not list or permit the listing of his name or address under any separate limitation of practice or specialty heading or at any address at which he is not practicing.

"'(b) A dentist practicing dentistry in a village, town, or city which is served by both local and metropolitan telephone systems may list his name, etc., as provided in Rule IV–4(a) above, in the regularly published telephone directory or directories serving his area.

"'(c) It shall be the duty of each dentist who practices or has practiced at any location to advise the telephone company of any change in his status or location sufficiently in advance to prohibit erroneous or misleading ·information to be published and to conform with these rules.'

"That the foregoing rules and regulations of the Texas State Board of Dental Examiners were enacted by the Texas State Board of Dental Examiners in compliance with the procedure set forth for the enactments of rules and regulations by the Texas State Board of Dental Examiners."

The above rules now require the appellee, after more than twenty (20) years of listing under his specialty, to list his name in alphabetical order under the general heading of "Dentists" with the limitation of practice or specialty immediately following his alphabetical listing.

The appellee takes the position that if the appellant is authorized to forbid listing under a specialty heading purely on the basis of a majority vote of the dentists, the Board could, under the same authority, amend the rules so as to forbid a dentist from listing his limitation

of practice or specialty immediately following his name as is now provided by the rules in question.

The rule making power of the appellant is based upon two Statutes. The last sentence of Article 4543, V.A.C.S., provides as follows: "The Board may prescribe rules and regulations, in harmony with the provisions of this title *governing its own proceedings and the examinations of applicants for the practice of dentistry.* Acts 1919, p. 50; Acts 1935, 44th Leg. p. 606, ch. 244 § 1." (Emphasis ours.)

Article 4551d, V.A.C.S., provides as follows: "The Texas State Board of Dental Examiners is hereby empowered and authorized to adopt, promulgate, and enforce such rules and regulations as the Board may deem necessary and advisable *to carry out the provisions of, and not inconsistent with, Chapter 9, Title 71, of the Revised Civil Statutes of Texas as amended, and for the enforcement of this Act;* * * *." (Emphasis ours.)

■ Revocation of a license cannot be predicated on acts or conduct which are not specified in the Statutes or clearly embraced within their terms.

Both of these Statutes by the plain language contained therein limit the scope of the appellant's authority to adopt and promulgate rules and regulations. An examination of the Dental Statutes will, in our opinion, reveal that the legislature in its wisdom has very wisely provided that punishable violations must relate to and be consistent with the specific Statutes. Rules and regulations inconsistent with the Statutes or specifically Chapter 9, Title 71, are not authorized. For example, Article 4544a, V.A.C.S., provides: "The State Board of Dental Examiners is charged with the duty of aiding in the *enforcement of the Statutes* of this State regulating the practice of dentistry and any member of said Board may present to a prosecuting officer *complaints relat-*

*ing to violations of such Statutes;* and said Board, through its members, officers, counsel and agents may assist in the trial of any cases involving alleged violations of *said Statutes* subject to the control of the prosecuting officers. Acts 1935, 44th Leg. p. 606, ch. 244 § 3." (Emphasis ours.) It is clear that all matters relating to complaints, enforcement, et al., rest upon Statutes and not upon rules and regulations which are inconsistent therewith.

The only Statute referred to in the complaint filed against the appellee is Subsection (j) of the second portion of Article 4549, V.A.C.S., which provides:

"(j) That the holder thereof has failed or refused to comply with the adopted and promulgated rules and regulations of the Board.

"Proceedings to suspend or revoke a dental license *on account of any one or more of the causes set forth in this Article* shall be taken as follows:

"(a) Proceedings before the Texas State Board of Dental Examiners shall be as follows:

"All complaints to be considered by the Board shall be made in writing, subscribed and sworn to by the person presenting such complaint, which *complaint shall set out the alleged violations of such Statutes* and declaring it to be the opinion of the person presenting such complaint that the person or persons so accused have so violated *said Statutes.* * * * charged with having *violated such Statutes.* * * * such notice shall contain the *alleged violations of such Statutes,* * * *. Such hearing shall be governed by such rules and regulations * * *." (Emphasis ours.) The latter reference to rules and regulations relates solely to procedural matters governing enforcement of the Statutes.

The offenses punishable under the Dental Statutes are those which were considered and passed upon by a majority of the members of the legislature. The Statutes do not authorize a majority of the dentists to promulgate additional punishable offenses which are unrelated and inconsistent with the Statutes.

It is without dispute that the rules in question were promulgated because a majority of the dentists (general practitioners) of Texas desired to control the referral of patients to specialists. No other reason or purpose for such rules appear in this record.

The rules were not prompted by a desire to improve the profession. They are not calculated to encourage a member of the profession to continue the process of learning and acquiring new skills. The rules have no relation to the public good or to its health. They seek to make it more difficult for the average person in need of dental services to find the practitioner who limits his practice to his needs.

The appellee is not charged with any unprofessional conduct. His is an exceptional record of service and dedication to his profession.

We have examined many authorities including those discussed in the briefs filed in this case, but we have concluded that in view of the facts here involved and the plain language of the Statutes that no citation of authority is necessary or required.

We find and hold that the appellant Board did not have the authority under the Statutes to adopt and promulgate the rules in question. The listing rules are therefore void and of no force and effect.

The judgment of the trial court is affirmed.