144 N.J. Super. 501 (1976)
366 A.2d 692
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN L. SOUTHARD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 10, 1976.
Decided March 3, 1976.
*502 Before Judges LYNCH, LARNER and HORN.
Mr. E. Neal Zimmermann argued the cause for defendant-appellant (Messrs. Conway and Belsole, attorneys).
Mr. Michael R. Ascher, Deputy Attorney General, argued the cause for plaintiff-respondent (Mr. William F. Hyland, Attorney General, attorney).
The opinion of the court was delivered by LARNER, J.A.D.
This appeal involves the sufficiency of an affidavit underlying the issuance of a search warrant.
*503 The trial judge denied the motion to suppress. After a jury trial defendant was convicted of one count in the indictment which charged him with possession of a stolen tractor, in violation of N.J.S.A. 2A:139-3. The judge thereafter imposed a suspended prison sentence of 2-3 years in State Prison and a fine of $1,000.
The affidavit executed by a detective of the New Jersey State Police recited that
2. I have good reason to believe and do believe that in and upon the below listed premises there has been and is now being stored the stolen property to wit:
a. One Mack Tractor, 1972, serial #R685ST27465
b. And other property believed to be stolen in violation of NJS 2A:139-1.
The premises were described as the plant, buildings and surrounding area occupied by Whippany Paper Board Company on Parsippany Road in Whippany, New Jersey, which area "is used by J.L. Southard to park his tractors when the same are not in use by him."
The portion of the affidavit which is most significant on this appeal merits reproduction:
3. B. Information was received by me Detective Emil Moaba #1542 of the New Jersey State Police, from a reliable informant, who in the past has given me information which has resulted in the arrest and convictions of persons involved in criminal activities, and the recovery of stolen property valued in the thousands of dollars.
C. On August 9, 1972, my informant had advised me that he has personal knowledge that located in the aforementioned and described locations there is now being stored, and used, the vehicle in question and other property believed to be stolen. My informant also advises that the vehicle in question is in the possession of John L. Southard, 124 Wilson Place, Whippany, Morris County, New Jersey, owner of J.L. Southard Incorporated, of Whippany, N.J.
D. On August 21, and 22, 1972, accompanied by my informant, I visited both of the aforementioned premises. I observed several vehicles belonging to J.L. Southard Incorporated being used to haul freight between the aforementioned plants of the Whippany Paper Board Company. I also observed vehicles owned by J.L. Southard parked behind and in the area of the loading platforms of the Eden Plant. On checking the parking area of the employees parking lot *504 of the main plant off Parsippany Road I observed several Southard trucks parked in that area.
The sufficiency of the affidavit must be tested by the standards set forth in the leading cases of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Aguilar sets forth a two-prong test for determination of the sufficiency of the proofs in support of a search warrant. The affidavit submitted to the issuing judge need not reflect the direct personal observations of the affiant but may be based upon hearsay information. If the data consists of hearsay it must support a conclusion that (1) the informant is reliable and (2) the actual circumstances recited in the affidavit demonstrate a basis for the conclusions made by the informer.
The affidavit herein satisfies the first prong of the sufficiency test, namely, that the informant was credible because of the detective's prior experience with him which resulted in arrests and convictions of persons involved in criminal activities related to property thefts of substantial value.
The key problem, however, involves compliance with the second prong of the Aguilar test. In our opinion, the affidavit is deficient on this score. It does not set forth any of the underlying facts from which a court can judge the validity of the conclusion of the informer. A mere recitation of personal knowledge is not sufficient.
Failure to meet the two-prong Aguilar test is not a fatal defect. A court must then ask whether there is corroboration of the informer's tip by independent sources which makes the tip as reliable as one which complies with the Aguilar standard. Spinelli v. United States, supra. A careful examination of the affidavit leads us to the conclusion that there are no underlying facts or circumstances which would warrant a judicial determination that it was probable that the described vehicle or any vehicles were stolen or that they were on the Whippany Paper Board premises.
*505 The sole articulation on the subject of the theft of the vehicle in question is the statement that the informant has personal knowledge that the vehicle is stored and used on the premises, together with other property "believed to be stolen." The affidavit contains no circumstances from which the judge issuing the warrant could determine whether the vehicle was in fact stolen. The mere assertion, either by the detective or the informant, of a belief that it is stolen does not suffice.
It is apparent to us that there existed many areas of information which could have been obtained as to the theft or report of the theft of the vehicle and included in the affidavit to support the credibility of the conclusion that the vehicle was stolen. Yet nothing was supplied to the judge by way of corroboration so as to demonstrate the existence of this crucial fact as an element of the probable cause essential for the issuance of the warrant.
Furthermore, as we continue in our quest for facts or circumstances set forth in the remainder of the affidavit to buttress the existence of probable cause, we reach the same negative conclusion. The description of the Southard trucks in the parking area of the Whippany plant is of no significance since Southard was in the trucking business and legitimately in the area with many trucks on a regular basis in performance of its function in handling freight for the paper company. Similarly, the personal observations of the affiant of these Southard trucks merely demonstrate the conduct of normal business and add not one iota to the circumstantial corroboration of the allegation of illegal activity. Cf. State v. Perry, 59 N.J. 383 (1971).
The State's reliance upon United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), is misplaced. In Harris the affidavit contained facts which spelled out a degree of believability sufficient to warrant reliance upon the informant's hearsay statements. The affidavit pointed out that the informant himself had purchased illicit whiskey at the location for a period of two years and *506 personally saw a named individual go to a related building to obtain the whiskey. In addition, the affiant knew of defendant's reputation as a trafficker of "illicit spirits" and had collected information that a sizeable quantity of that whiskey had been found in an abandoned house under the control of the accused. These specifics lend the aura of credibility which is so lacking in the proofs in the case at bar.
For the foregoing reasons, the trial judge erroneously sustained the validity of the search and seizure. The judgment of conviction is reversed.