Faron BAXTER and Debra Ann BAXTER
*v.* STATE of Arkansas

CR 77-135 556 S.W. 2d 428

Opinion delivered October 17, 1977
(Division II)

*Jack T. Lassiter,* for appellants.

*Bill Clinton,* Atty. Gen., by: *Terry R. Kirkpatrick,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellants were found guilty of possession of controlled substances with intent to sell. They seek reversal only on matters pertaining to the denial of their motion to suppress certain evidence seized in a search of their house pursuant to a search warrant. Their principal arguments relate to the reliability of an informant. We find that the affidavit on which the search warrant was issued suf-

ficient to establish the reliability of the informant.

At the hearing on the motion to suppress, the state was permitted to introduce testimony to supply alleged deficiencies in the affidavit. The testimony was given by the informant, who was identified at the hearing as Cathy Auld. This is not permissible and appellants' objection should have been sustained. The information disclosed by her testimony was not before the issuing magistrate. Probable cause for the issuance of a search warrant can only be determined upon the basis of the information given, under oath, to the issuing judicial officer. *Lunsford* v. *State,* 262 Ark. 1, 552 S.W. 2d 646; *Cockrell* v. *State,* 256 Ark. 19, 505 S.W. 2d 204; *Durham* v. *State,* 251 Ark. 164, 471 S.W. 2d 527.

The affidavit for search warrant was made by Deputy Sheriff William P. Sprecher and was based entirely upon information received by him from the confidential informant. The recitation of facts in the affidavit going to the reliability of the informant are these:

On this date, May 5, 1976, I received information from confidential informant not named herein, but whose identity will be furnished to the court on request. This informant purchased from one Farron Baxter at his residence ten capsules of phenobarbital at a price of $1.50 per pill. Informant further states these purchases were made at 10:00 P.M. Tuesday, May 4, 1976 and at 2 A.M. and 4 A.M. on this date May 5, 1976. Informant further states that she witnessed two sales of marijuana by Mr. Baxter in her presence and that he gave her the marijuana cigarettes which she brought to me this morning. The informant states that barbituates are presently stored in a refrigerator in the Baxter's residence and a large quantity of marijuana is being hidden in one of the bedrooms of the residence. *** I believe my informant since Mr. Baxter has a long standing reputation with me and other police agents as a drug seller. (She (informant) is an addict and has been reliable as an informant to Benton City Police.)

Appellants rely upon the requirement of Rule 13.1 (b),

Arkansas Rules of Criminal Procedure, effective January 1, 1976, that the affiant set forth particular facts bearing on the informant's reliability and disclose, as far as practical, the means by which the information was obtained. This rule is based to a great extent upon *Aguilar* v. *Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964). The requirements of *Aguilar* were considered in *U.S.* v. *Harris*, 403 U.S. 573, 91 S. Ct. 2075, 29 L. Ed. 2d 723 (1971) and the better view of these requirements was expressed in the opinion of Mr. Chief Justice Burger, in parts of which four other justices joined. A majority of the court took the view that, in evaluating the showing of probable cause for the issuance of a search warrant, the admonition of *U.S.* v. *Ventresca*, 380 U.S. 102, 85 S. Ct. 741, 13 L. Ed. 2d 684 (1965) should be heeded. The admonition was there quoted, viz:

> [T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

This is an appropriate admonition. We have said that issuing magistrates should base their judgments upon a commonsense reading of an entire affidavit. *Cary* v. *State*, 259 Ark. 510, 534 S.W. 2d 230.

In *Harris*, an officer's affidavit for search warrant was held constitutionally sufficient. It stated that the defendant had a reputation as a trafficker in nontaxed distilled spirits; that the officer had received information from numerous persons of all types as to the defendant's activities; that a local

constable had seized illicit whiskey in an abandoned house under the defendant's control; that the officer had received information from a confidential informant whom the officer had interviewed and found prudent; and that the informant had "personal knowledge of and had purchased illicit whiskey from within the residence described" for more than two years and within the preceding two weeks, knew of a person who had purchased illicit whiskey in the preceding two days from this house and had personal knowledge that illicit whiskey was consumed by purchasers in an outbuilding located about 50 feet from the defendant's residence, to which he had seen defendant go to obtain whiskey for purchasers. The particular statements as to the affiant's knowledge of his informant's reliability in this case go much further than a conclusion that she was prudent. It was stated that she, an addict, had furnished reliable information to the Benton city police. Factors which the court found supportive of the reliability of the informant in *Harris* were the reputation of the defendant and the informant's incriminating declaration against interest.

We have heretofore held that the reliability of an unnamed informant could be established merely by the incriminating nature of his statements. *Maxwell* v. *State*, 259 Ark. 86, 531 S.W. 2d 468. We have also given weight to the reputation of a place as one where illegal drugs could be purchased in considering an officer's testimony before an issuing magistrate based on an informant's statements. See *Shinksy* v. *State*, 250 Ark. 614, 446 S.W. 2d 909.

The informant here incriminated herself. See Ark. Stat. Ann. § 82-2617 (c); *Armour* v. *Salisbury*, 492 F. 2d 1032 (6 Cir., 1974), citing and quoting from *Harris*. But, in addition, she gave specific information as to recent purchases by her and a detailed description of the place where controlled substances were kept, she was a known addict, who had given information to other police officers, and her statements were supported by the officers' knowledge of appellants' reputation as a drug seller. This affidavit seems to be comparable to that in *Harris* and was certainly more specific, detailed and comprehensive that the one held sufficient in *Jones* v. *U.S.*, 362 U.S. 257, 80 S. Ct. 725, 4 L. Ed. 2d 697, 78 ALR 2d 233

(1960), cited with approval in *Aguilar*.

*Harris* has been widely construed as holding that where the evidence before the magistrate issuing a search warrant shows that a confidential informant has given specific details indicating recent illegal activity, actually witnessed by him, at a definitely described place, the fact that the informant's statements are declarations against interest is a sufficient basis for a finding of the informant's reliability and credibility, at least when coupled with a showing that the person alleged to be carrying on the illegal activity has a reputation for engaging in such activities. See *Armour* v. *Salisbury*, supra; *Quigg* v. *Estelle*, 492 F. 2d 343 (9 Cir., 1974), cert. den. 419 U.S. 848, 95 S. Ct. 86, 42 L. Ed. 2d 78; *State* v. *Southard*, 144 N.J. Super 501, 366 A. 2d 692 (1976); *Smith* v. *State*, 136 Ga. App. 17, 220 S.E. 2d 11 (1975), cert. den. 425 U.S. 938, 96 S. Ct. 1671, 48 L. Ed. 2d 179; *U.S.* v. *DeCesaro*, 502 F. 2d 604 (7th Cir. 1974); Ringel, Searches and Seizures, Arrests and Confessions, 1976 Cumulative Supplement, p. 330, § 335.01. Certainly *Aguilar* would permit reliability to be established by surrounding circumstances made known to the issuing magistrate. *State* v. *Sullivan*, 267 S. C. 610, 230 S.E. 2d 621 (1976). Other information within the knowledge of the affiant furnishing corroboration of the informant's disclosures may be a basis for establishing the informant's reliability. See *Blankenship* v. *State*, 258 Ark. 535, 527 S.W. 2d 636; *Smith* v. *State*, supra, 136 Ga. App. 17.

It has also been held that detailing the reliable information previously given by the affiant's informer is unnecessary when the informant was an eyewitness to the facts related by him. *Woods* v. *State*, Tenn. Cr. App., 552 S.W. 2d 782 (1977); *Torres* v. *State*, 552 S.W. 2d 821 (Tex. Cr. App. 1977).[1] This might be a sound view insofar as constitutional standards are concerned, but Rule 13.1 (b) requires more. The conclusory statement that the informant had given reliable information to the Benton city police, which was itself hearsay, would not be sufficient under that rule; however, any deficiency in that respect is supplied by these facts: (1) the informant was an eyewitness to recent events detailed by her; (2) her statements were declarations against

---

[1]See also, *State* v. *Sullivan*, supra, where the informant was identified.

interest; (3) the reputation of Faron Baxter lent support to her reliability and credibility.

When we view the affidavit in a commonsense manner, rather than hypertechnically, we should not invalidate the warrant issued by the magistrate in reliance upon the statement of probable cause therein. *U.S.* v. *Ventresca,* supra.

Appellants also complain that the search warrant's statement that the issuing municipal judge was "satisfied that there is reasonable ground for such suspicion," was not a sufficient compliance with Rule 13.2 (b) (ii), Arkansas Rules of Criminal Procedure. The finding of reasonable cause was stated in the preamble to the warrant in the following words:

> WHEREAS, Complaint has been made, on oath, before the undersigned, Municipal Judge for the City of Benton, by Chief Deputy Bill Sprecher that certain see attached Affidavit for search warrant and that said complaint suspects that such property is concealed in the house occupied by Faron Baxter in said county; whereas, being satisfied that there is reasonable ground for such suspicion.

The rule requires that the warrant state with particularity, the judicial officer's finding of reasonable cause for issuance of the warrant. We do not take this to mean that the search warrant shall recite, in detail, each of the specific facts on which the judicial officer concludes that probable cause has been shown. We take it to mean that the warrant shall include a finding that there was probable cause for the search. Although the language of the magistrate's finding may not have been couched in the most desirable words that could have been chosen, it is clear that the court found "reasonable grounds" for the issuance of the search warrant in the affidavit attached to it. There was a substantial compliance with the requirements of the rule.

We find no merit in appellants' argument that such a conclusionary statement is patently unconstitutional and the authorities cited in their brief do not support their position on this point. Those cases relate to statements in supporting af-

fidavits and not to the findings of the issuing magistrate. See *Aguilar* v. *Texas,* supra; *Cockrell* v. *State,* 256 Ark. 19, 505 S.W. 2d 204; *Montgomery* v. *State,* 251 Ark. 645, 473 S.W. 2d 885. The commentary on this particular provision recites that Rule 13.2 (b) (i) and (ii) provide information which may be needed by a person served who desires to contest the validity of the warrant. When the affidavit on which the finding is based is attached to the warrant, all the information that would be afforded by a detailed finding is available to the person served.

Appellants also argue that the cumulative effect of the non-compliance with the Arkansas Rules of Criminal Procedure governing search warrants constituted such a substantial violation of their constitutional rights that the motion to suppress should have been granted. Rule 16.2 (e) provides that a motion to suppress evidence obtained by a search warrant shall be granted only if the trial court finds that the violation was substantial. See *Brothers* v. *State,* 261 Ark. 64, 546 S.W. 2d 715. Comment I to this rule states various grounds upon which such a motion may be based. The only grounds there enumerated upon which appellants rely, other than the alleged lack of reasonable cause on the record before the issuing judicial officer, are (1) the failure of the warrant to describe the place to be searched with sufficient particularity, (2) the failure to indicate the time period within which the search was to be made, and (3) the failure of the officers executing the warrant to leave a copy with either of the appellants.

There was a substantial compliance with the requirement of Rule 13.2 (b) (iii), Arkansas Rules of Criminal Procedure, that the warrant describe the location and designation of the place to be searched with particularity. It is true that the warrant itself only described the place as "the house occupied by Faron Baxter." Still, the affidavit attached to the warrant described the place with great particularity, viz:

    \*\*\* The Baxter's residence is located approximately one quarter mile north of the stop sign where Hwy 229 intersects the Old Oklahoma Road being located just past a rock house on the left, down a gravel driveway, ap-

proximately 200 yards. Said residence being a black and white mobile home with a screen-in porch across the front and a small fence around the front yard. ***

There was no return date stated in the warrant as required by Rule 13.2 (b) (v). The outer limit of the return date there specified is five days after issuance. The return was made on the same date the warrant was issued. Since the warrant was actually served within the allowable period, there was no showing of any prejudice to appellants, and the violation is not substantial, this omission does not afford the basis for suppression of the fruits of the search. See Rule 16.2 (e); *Brothers* v. *State,* supra.

Appellants also say that they did not receive a copy of the warrant as required by Rule 13.3 (b), Arkansas Rules of Criminal Procedure. That particular provision requires that the executing officer shall give a copy of the warrant to the person in apparent control of the premises to be searched, before undertaking the search, except in circumstances not material here.

Chief Deputy Sheriff Sprecher testified that Mrs. Baxter was present when the warrant was executed. He said that he thought he had left a copy with Mrs. Baxter , but could not remember whether he had. Mrs. Baxter testified that a copy was not left, and that Deputy Sprecher only showed her the warrant briefly, but took it away a couple of times after she had started reading it. She admitted that she was allowed to read it, but could not recall seeing the signature of the municipal judge. She remembered seeing her husband's name, the premises to be searched and Deputy Sprecher's name. We do not consider the action of the officers here to be in full compliance with the rule. See Commentary on Rule 13.3 (b). On the other hand, it is clear from the record that a copy was furnished to appellants' attorney and the appellant who was present when the warrant was executed, was afforded an opportunity to read the warrant. The omission to leave a copy with her does not constitute a ground for suppression listed in the Comment to Rule 16.2. We do not consider the violation substantial on the basis of the circumstances enumerated in Rule 16.2 (e).

Violations of the rules governing the search of which appellants complain, when considered collectively, do not indicate any substantial violation of, or prejudice to, the rights of appellants.

The judgment is affirmed.

We agree. GEORGE ROSE SMITH, ROY and HOLT, JJ.