STATE of Arkansas *v.* Michael Devond PRUE
and Cathy Lucille PRUE

CR 80-250                                  614 S.W. 2d 221

Supreme Court of Arkansas
Opinion delivered March 23, 1981
[Rehearing denied May 11, 1981.]

*Steve Clark*, Atty. Gen., by: *Joseph H. Purvis*, Deputy Atty. Gen., for appellant.

*Jeff Duty*, for appellee.

JOHN I. PURTLE, Justice. This is an interlocutory appeal on behalf of the state from the order of the Benton County Circuit Court suppressing certain evidence because of the deficiency of the affidavit for a search warrant. We think the trial court made the proper decision under the circumstances.

The affidavit for the search warrant stated in pertinent part as follows:

> The undersigned being duly sworn deposes and says: That he (has reason to believe) that (on the premises known as) Michael D. Prue residence, in the Beaver Shores addition, first house east of Cypress Street and Birch Lane intersection, the residence in on Cypress Street, south side, facing east, grey with white trim single family frame structure, the next house to the east is purple in color. Bronze 1972 Chevrolet Camaro, Ark. license IBZ 681, registered to Michael D. or Kathy L. Prue.
>
> * * *
>
> in the County of Benton, State of Arkansas, there is now being concealed certain property, namely LSD and marijuana WHICH ARE in violation of Ark. Stat. 82-2617 ... the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows:

Wesley Frederickson, age 21, a resident of Benton County, reported to me, Dale Best, Arkansas State Police undercover officer, that on 6-21-80 at approx. 3:00 a.m. that he was at the Michael D. Prue residence, described above. Michael Prue indicated he had some LSD for sale and then he went to the refrigerator and removed a large ziplock type bag that contained several smaller bags, four of which contained 25 to 50 dosage units of what was represented by Michael Prue as being LSD and that it was for sale. At approx. 10:45 a.m. on 6-21-80 Trooper Keith Ferguson, Officers Gary Armstrong, of Rogers Police Department had the above described residence under surveillance and saw Michael D. Prue loading several items into a bronze colored, 1972 Chevrolet Camaro, Ark. License number IBZ 681. This vehicle was then stopped and secured by police officers and the occupants of the vehicle, Michael D. Prue and Kathy L. Prue. Wesley Frederickson also stated to me that he has purchased marijuana from Michael D. Prue, at the above described residence, on numerous occasions over the last six months.

This question will be considered under the Fourth and Fourteenth Amendments to the United States Constitution and Art. 2 § 15 of the Constitution of the State of Arkansas and the following statute and rules:

Ark. Stat. Ann. § 43-205 (A) (Repl. 1977):

A search warrant may be issued by any judicial officer of this State, only upon affidavit sworn to before a judicial officer which establishes the grounds for its issuance.

Rules of Criminal Procedure, Rule 13.1 (b):

The application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized, and shall be supported by one (1) or more affidavits or recorded testimony under oath before a judicial officer particularly setting forth the facts and circumstances tending

to show that such persons or things are in the places, or the things are in possession of the person, to be searched. If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained.

Rules of Criminal Procedure, Rule 13.3 (b):

In the course of any search or seizure pursuant to the warrant, the executive officer shall give a copy of the warrant to the person to be searched or the person in apparent control of the premises to be searched. The copy shall be furnished before undertaking the search or seizure unless the officer has reasonable cause to believe that such action would endanger the successful execution of the warrant with all practicable safety, in which case he shall, as soon as is practicable, state his authority and purpose and furnish a copy of the warrant. If the premises are unoccupied by anyone in apparent and responsible control, the officer shall leave a copy of the warrant suitably affixed to the premises.

This case stands or falls upon that portion of the affidavit for search warrant which attempts to establish the grounds for issuance of the search warrant. To be exact, the informant is described as follows:

Wesley Frederickson, age 21, a resident of Benton County, Arkansas, reported to me, Dale Best, Arkansas State Police undercover officer, . . .

There is nothing further in the affidavit concerning the identity of the informant. There are no words which even remotely hint that the informant had furnished prior information which had been reliable. In fact, there is not even a hint that the informant was acquainted with the affiant. Certainly, if the undercover officer had been able to make this statement of his own knowledge, there would be no question about the validity of the affidavit. However, when the reliance is totally upon a statement by an informant who

has not been proven, it must stand a much more rigid test. As stated in Rule 13.1 (b), if an affidavit or testimony is based in whole or in part on hearsay, the affiant shall set forth the particular facts relating to the informant's reliability. There are no such facts in this case.

The landmark case of *Aguilar* v. *Texas*, 378 U.S. 108 (1964), establishes a two-pronged test in cases where an officer obtains a search warrant on the basis of an informer's statement. The two prongs of the test are: (1) some underlying circumstance showing that the informant is reliable; and (2) some underlying circumstance from which the informer concluded that the contraband was where he said it was. This case stands for the same proposition today. It is the first part of the two-pronged test which is the problem in the present case. Certainly there is nothing in the affidavit itself which would buttress any assumption that the informer was reliable. We must then turn to other cases for a further understanding of the problem. In the case of *Little Rock Police Dept.* v. *One 1977 Lincoln Cont.*, 265 Ark. 512, 580 S.W. 2d 451 (1979), we dealt with the same problem. There we held that the *Aguilar* test was still the law in Arkansas. The informer in the *Little Rock Police Dept.* case described the driver and the automobile in quite some detail. However, he failed to satisfy either of the two requirements in *Aguilar*. It was also shown that the informant had worked with the police before but he had never worked with the affiant. In disposing of the case we stated:

> Here neither requirement was satisfied. As to reliability, Officer Dawson had not previously acted upon information supplied by the informer, nor is it shown that the officer had any other basis for believing the informer to be reliable. The hearsay statement that "the office" had worked with him is not enough. Nor was the second requirement met. The informer merely said that Sands would be driving a certain car in delivering ten pounds of marihuana to the SAE House. He did not indicate in any way whatsoever how he reached that conclusion. Thus none of the underlying circumstances essential to a finding of probable cause were shown to exist. ...

We also considered the sufficiency of the affidavit for search warrant in *Lunsford* v. *State*, 262 Ark. 1, 552 S.W. 2d 646 (1977). The affidavit in *Lunsford* was made by the sheriff who stated he had reason to believe that marijuana was concealed in a mobile home occupied by Lunsford. His information came from an unnamed reliable informant who stated that Lunsford had a quantity of marijuana upon the premises for sale. The affidavit contained a statement of sufficient reason for believing the informant to be reliable, but there was no statement of any fact to show how the informant knew marijuana was in the mobile home. Thus, the second prong of the *Aguilar* test was missing. At the hearing the state attempted to supply the deficiency but was not allowed to do so. For a long time this court has recognized that an affidavit merely stating conclusions of an unidentified informant is not sufficient for a magistrate to find probable cause for the issuance of a warrant. *Walton and Fuller* v. *State*, 245 Ark. 84, 431 S.W. 2d 462 (1968). In *Lunsford* we further set out the requirement that the state was required to carry the burden of establishing the validity of a search warrant when its validity has been challenged. *Russ* v. *City of Camden*, 256 Ark. 214, 506 S.W. 2d 529 (1974).

Both sides seem to have relied on *Baxter* v. *State*, 262 Ark. 303, 556 S.W. 2d 428 (1977). This again was the challenge to the sufficiency of an affidavit and its relation to the reliability of the informant. The affidavit in *Baxter* stated in part as follows:

> ... The informant states that barbituates are presently stored in a refrigerator in the Baxter's residence and a large quantity of marijuana is being hidden in one of the bedrooms of the residence. *** I believe my informant since Mr. Baxter has a long standing reputation with me and other police agents as a drug seller. (She (informant) is an addict and has been reliable as an informant to Benton City Police.)

The difference between the affidavit in *Baxter* v. *State*, supra, and the present case is immediately obvious. In *Baxter* both prongs of the *Aguilar* test were met. The

informant had been proven reliable, and she described in detail where the marijuana was stored.

We next consider the case of *State* v. *Lechner*, 262 Ark. 401, 557 S.W. 2d 195 (1977). Again, we announced our adherence to the *Aguilar* rule. The affiant in this case stated that his information was supplied by two undisclosed informants whom he asserted were reliable. In fact, the affidavit starts out as follows:

> Affiant states that on 1-28-76 a reliable confidential informant, who has proven to be very reliable in the past and whose information has resulted in the arrest of two felony cases, observed in the above-mentioned residence a large quantity of amphetamines (cross tops) and cocaine.

Again, it is obvious that the informant was reliable. No such statement was contained in the case before us. In *Lechner* we further stated:

> But what of the informant who has just gone into the business or one who might be called the citizen-informer and who has no prior record of deals with the police in such matters? This is a tough problem, and perhaps the one we have before us. In that case there must be something in the affidavit or evidence presented to show the judge that the tip can be relied upon or the informant is telling the truth. If other evidence, besides the affidavit is before the issuing judge, it must be presented under oath and a record made of that evidence.

Appellant's argument quotes extensively from *Baxter* v. *State*, supra, which refers to *United States* v. *Harris*, 403 U.S. 573 (1971). The quotation from *Baxter* indicates that *Harris* stands for the proposition that if the informant's statements are declarations against interest, it is a sufficient basis for a finding of the informant's reliability and credibility, at least when coupled with a showing that the person alleged to be carrying on the illegal activity has a reputation for engaging in such activities. That is either a misunderstanding or an

incomplete statement. The opinion in *Harris* stated in part as follows:

> ... While a bare statement by an affiant that he believed the informant to be truthful would not, in itself, provide a *factual* basis for crediting the report of an unnamed informant, we conclude that the affidavit in the present case contained an ample factual basis for believing the informant which, when coupled with the affiant's own knowledge of the respondent's background, afforded a basis upon which the magistrate could reasonably issue a warrant. The accusation by the informant was plainly a declaration against interest since it could readily warrant a prosecution and could sustain a conviction against the informant himself. This will be developed in part III.

It is obvious that the statement in the foregoing opinion that the informant could be considered reliable when he made a declaration against interest that the court meant an incriminating statement which would uphold prosecution. In the case before us not only would the informant's statement not uphold prosecution, it is not even incriminating as there is no way to prosecute him for the alleged participation in the illegal sale of marijuana.

Another case relied upon by the appellant was *Maxwell v. State*, 259 Ark. 86, 531 S.W. 2d 468 (1976). This case was decided prior to the effective date of our Rules of Criminal Procedure. Nevertheless, the informant, a man named Harris, gave information to the affiant that he participated in the crime with Maxwell. In fact, Harris was at the time under arrest for the same crime for which Maxwell was charged. It seems then that *Maxwell* holds that the informant must have proven his reliability and did so in this case by incriminating himself in furnishing the information. This is supportive of the appellee's position in this matter.

It is not by accident that the Fourth and Fourteenth Amendments to the Constitution of the United States and Art. 2 § 15 of the Constitution of Arkansas have remained undisturbed for more than a hundred years. It is obvious that

the people are content with the protection now afforded the citizens of this state and nation to be relatively secure in their homes and their automobiles without fear·of illegal intrusion. It may seem harsh at times to forbid officers from making a search in a situation where there is known criminal activity taking place. However, the courts should be zealous in restricting searches to such situations where the information is reliable and there is indeed probable cause for the issuance of a search warrant. If the courts become lax and allow unreliable hearsay statements to constitute the foundation for the issuance of a search warrant, then we would soon see an end to the meaningful application of our present constitutional safeguards. No domicile would be safe because a disgruntled neighbor or former friend could have a search warrant issued for purely personal reasons.

We·think the trial court rendered the proper decision and was correct in suppressing the evidence because of the deficiency in the affidavit for a search warrant.

Affirmed.

HICKMAN, DUDLEY and HAYS, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. This is a search and seizure question and the majority has, in my judgment, deviated from our cases which hold that we view the problem of search and seizure with a common sense approach.

The affidavit in this case would satisfy constitutional requirements if *Baxter* v. *State*, 262 Ark. 303, 556 S.W. 2d 428 (1977) is any precedent at all. In *Baxter* the only information that supported the reliability of the undisclosed informant was the fact that the informant claimed she made recent purchases, and gave details regarding the place the drugs were located.

In this case even more details were given by the informant, declarations against interests were made, and the name and address of the informant was stated in the affidavit. In my judgment the court has ignored *Baxter* as a

precedent. When the affidavit in *Baxter* is compared to the affidavit before us, there is no difference so far as reliability of the informant is concerned. The police officer in *Baxter* stated that the defendant, Baxter, had a reputation for dealing in drugs but that in no way lent itself to the reliability requirement regarding an informant.

In *Baxter* v. *State*, *id*, and *State* v. *Lechner*, 262 Ark. 401, 557 S.W. 2d 195 (1977), we emphasized that these affidavits should be viewed in a common sense and realistic fashion. The majority, in my judgment, is departing from that standard and reverting to a hypertechnical view of such affidavits.

I would suggest that in most of these cases the language of the Fourth Amendment is ignored and a refuge is sought in legal precedents which tend to confuse the state of the law rather than clarify it. The Fourth Amendment has one word which must always be kept in mind in examining search and seizure questions. That word is "unreasonable." What was unreasonable about this search? This was not a case of a confidential, unnamed informant supplying information. The person's name and address were given. Specific details were given regarding previous purchases of drugs by this individual, and, in fact, a map was furnished.

I would suggest that the majority has overruled *Baxter* v. *State, supra*, by its decision in this case. I would hold that the search was proper.

I am authorized to state Justice Hays joins in this dissent.

DUDLEY, J., joins in this dissent.