Michael Daniel HERRINGTON v. STATE of Arkansas

CA CR 84-161                                              692 S.W.2d 251

Court of Appeals of Arkansas
En Banc
Opinion delivered June 26, 1985

*Switzer & Switzer*, by: *Bruce D. Switzer*, for appellant.

*Steve Clark*, Att'y Gen., by: *Sandra Tucker Partridge*, Asst. Att'y Gen., for appellee.

LAWSON CLONINGER, Judge. In this appeal of his criminal conviction, appellant raises two points for reversal. Both deal with alleged deficiencies in an affidavit submitted to a municipal judge by an Arkansas State Police investigator requesting a search warrant. We hold that the affidavit was not fatally defective and the warrant was properly issued. The judgment of the trial court is therefore affirmed.

Appellant was charged with the offense of possession of a controlled substance with intent to deliver under Ark. Stat. Ann. § 82-2617 (Supp. 1983). At trial, the State introduced evidence obtained pursuant to a search warrant, consisting of one pair of

Ohaus scales, a pair of hemostats, and 1.9 ounces of marijuana. The jury found appellant guilty of the charge of knowing or intentional possession of marijuana and passed sentence of imprisonment for one year and a fine of $1,000.

The two points argued by appellant have their source in the trial court's denial of his motion to quash the search warrant and to suppress the evidence on the basis of the asserted defects in the accompanying affidavit. That disputed affidavit is set forth in pertinent part:

> David M. Foy, ASP Investigator, having been duly sworn in the form and manner required by law, on oath states:

> I have probable cause to believe that on or in the residence, grounds and outbuildings located at Rt. 4, Box 405, Crossett, or the 1981 Chev. pickup w/AR veh lic IWE-892 in the charge or possession of Michael Herrington, the following items or property is contained or concealed: marijuana and other controlled substances; and that such items or property are contraband.

> The facts upon which I base my request for a Search Warrant are: An informant whom I have used several times and whose information has been accurate advised me that he had seen marijuana and other controlled substances in the house and on the premises occupied by Herrington.

The affidavit was dated June 3, 1982.

In his first point, appellant contends that the trial court erred in denying the motion to quash because the affidavit did not specify the time when the informant saw the "marijuana and other controlled substances." He relies upon the case of *Collins* v. *State*, 280 Ark. 453, 658 S.W.2d 877 (1983), in which the Arkansas Supreme Court reversed convictions for growing marijuana, pointing to a faulty affidavit:

> We find one defect that cannot be cured. The affidavit mentions no time during which the criminal activity occurred. This defect could have been cured by the magistrate before he issued the warrant by either taking

testimony from the officer and making a record of it, or simply requiring a new affidavit or amendment to the one presented.

Since *Collins* was decided, however, both the United States and Arkansas Supreme Courts have handed down decisions that have modified the rule governing the sufficiency of an affidavit for a search warrant. *United States* v. *Leon*, ___ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *Lincoln* v. *State*, 285 Ark. 107, 685 S.W.2d 166 (1985).

The United States Supreme Court, in *Leon, supra,* said that an affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause in the light of the totality of the circumstances. In *Leon,* the informant had witnessed a drug sale five months earlier. The Court stated that the affidavit depended upon facts set forth demonstrating that the basis of the informant's knowledge was fatally stale. In upholding the validity of the search based upon the faulty affidavit, the Court recognized a "good faith" exception to the exclusionary rule, stating: "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause."

As the Arkansas Supreme Court noted in *Baxter* v. *State,* 262 Ark. 303, 556 S.W.2d 428 (1977), affidavits for search warrants must be tested and interpreted by magistrates and courts in the light of common sense. This practical approach was endorsed in *Collins, supra,* where the Arkansas Supreme Court said: "The only softening of this position [that some mention of time must be included in the affidavit for a search warrant] occurs when time can be inferred from the information in the affidavit." In the instant case, the magistrate who received Investigator Foy's affidavit could have inferred from the detailed recital of suspected locations of the contraband, the use of the present tense regarding the suspected locations of the contraband, and the highly transportable character of the contraband itself, that the informant's communication had been recent. *See Collins* v. *State, supra.* The language of the affidavit does not suggest that the investigator was dishonest or reckless in preparing it or that he

did not entertain an objectively reasonable belief in the existence of probable cause. There is, to the contrary, every evidence of good faith on the affiant's part. The difference in the factual situation in *Leon* and the instant case is that in *Leon* the information of the informant was affirmatively shown to be stale; in the case here before the court, there is not only no evidence to indicate that the information was stale, there is positive evidence that it was current. The magistrate properly issued the search warrant, and the trial court correctly denied appellant's motion to quash the warrant and to suppress the evidence.

■ Appellant's second point for reversal, that the court below erred in denying the motion to quash because the affidavit failed to establish the reliability of the informant, is based solely upon the superseded two-pronged test established in *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and employed by the Arkansas Supreme Court in *State* v. *Prue*, 272 Ark. 221, 614 S.W.2d 221 (1981). The new test, set forth in *Illinois* v. *Gates*, ___ U.S. ___, 103 S.Ct. 2317 (1983), and embraced by the Arkansas Supreme Court in *Thompson* v. *State*, 280 Ark. 265, 658 S.W.2d 350 (1983), is one based upon the totality of the circumstances. Under it, the magistrate, in determining the sufficiency of an affidavit, must make a practical, common sense decision concerning the informant's reliability based on all the circumstances recounted in the affidavit.

■ The affidavit in the present case provided (as may be seen in the quoted text above) three significant facts pertaining to the informant's reliability: (1) the affiant had used the informant as a source of information "several times"; (2) the informant's information had proved accurate in the past; (3) the informant disclosed specifically that he had seen "marijuana and other controlled substances" in and on appellant's house and premises. We are of the opinion that these indicia of reliability ensured that the issuing magistrate had a substantial basis for concluding that probable cause existed. *See Illinois* v. *Gates, supra.*

Affirmed.

CORBIN, COOPER and GLAZE, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I disagree with the majority decision because, using the authority of *United States* v.

*Leon*, 468 U.S. ___, 104 S.Ct. 3405 (1984), the majority has overruled the Arkansas Supreme Court's decision in *Collins* v. *State*, 280 Ark. 453, 658 S.W.2d 877 (1983). This Court, in our *Collins* v. *State*, 9 Ark. App. 23, 658 S.W.2d 881 (1983), held that time could be inferred in a search warrant where no time was specified. The Arkansas Supreme Court, by a unanimous vote, reversed our decision and held that the absence of time in a warrant was one defect which could not be cured.

I am of the opinion that the absence of time in an affidavit is such a fundamental omission that it cannot be cured by the police officers' objective good-faith reliance on the warrant issued by a magistrate. In *Leon*, the Court listed four exceptions to the "good faith" exception to the exclusionary rule, which would mandate suppression. The Court said:

> Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. (citation omitted). The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role in the manner condemned in *Lo-Ji Sales, Inc.* v. *New York*, 442 U.S. 319, 60 L. Ed. 2d 920, 99 S. Ct. 2319 (1979); in such circumstances, no reasonably well-trained officer should rely on the warrant. Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." (citations omitted). Finally, depending on the circumstances of a case, a warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid. (citations omitted).

104 S.Ct. at 3421-22.

Thus the Supreme Court has recognized that not all defects can be cured by "good faith". I submit that time is a defect which cannot be so cured. *But see United States* v. *Savoca*, No. 83-3510 (6th Cir. May 3, 1985) (available June 13, 1985, on

WESTLAW, Allfeds database); *State* v. *Wood*, 457 So.2d 206 (Ct. App., La. 1984).

In *Collins* v. *State*, No. 84-243 (Fla. Dist. Ct. App. Feb. 22, 1985) (available June 13, 1985, on LEXIS, Genfed library), the affidavit which supported the issuance of a search warrant was not sworn to by the officer. The court held that a search warrant unsupported by an oath was not "a mere technicality that good faith can cure." I would hold, as did the Arkansas Supreme Court in *Collins*, *supra*, that "time is crucial" and that requiring a reference to time in an affidavit is not "an unreasonable nor technical demand of the law". *Collins*, 280 Ark. at 456-57. Further, I agree with the Court's statement that "[W]e use a practical, common sense approach to examine search warrants but that approach cannot cure omissions of acts that are undisputedly necessary". 280 Ark. at 457.

Additionally, I disagree with the majority's decision that, under the totality of the circumstances test outlined in *Illinois* v. *Gates*, 462 U.S. 213, adopted by the Arkansas Supreme Court in *Thompson* v. *State*, 280 Ark. 265, 658 S.W.2d 350 (1983), the informant's reliability was established. The references to the informant and his past information and its accuracy are purely conclusory, and, in my view, insufficient to meet even a relaxed "common sense approach".

*Leon* requires that a "reasonably well-trained officer" have a reasonable knowledge of what the law prohibits. 104 S.Ct. at 3420 n. 20. Arkansas law is clear that some mention of time must be contained in the affidavit. *Collins*, 280 Ark. at 456-57. This is a basic principle every well-trained officer should know. In light of the conclusory nature of the allegations regarding the informant's reliability and the total lack of any indication of time in the affidavit, I submit that the majority has erred in failing to apply *Leon's* third exception. This affidavit is "so lacking in indicia of probable cause" that it renders official belief in its sufficiency "entirely unreasonable". *See Leon*, 104 S. Ct. at 3421-22. I dissent.

CORBIN and GLAZE, JJ., join in this dissent.