STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
WILLIAM BARRON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 22, 1986—Decided November 10; 1986.

Before Judges DREIER and SHEBELL.

*Alfred A. Slocum,* Public Defender, attorney for appellant (*Kevin B. Dowling,* designated counsel, of counsel and on the letter brief).

*Samuel Asbell,* Camden County Prosecutor, attorney for respondent (*David E. Schafer,* Assistant Prosecutor, of counsel and on the letter brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

Defendant, William Barron, was convicted by a jury of unlawful possession of methamphetamine (*N.J.S.A.* 24:21–20a) and unlawful possession of methamphetamine with intent to distribute (*N.J.S.A.* 24:21–19a). The two convictions were merged and defendant was sentenced to a custodial term of three years. He appeals the denial of his motion to suppress and his conviction, alleging:

*Point* I.   Judge Rossetti erred in denying the pre-trial motion to suppress the evidence seized during the search of Florence Wiley's apartment.

*Point* II.   Judge Palese's refusal to grant defense counsel's request for additional time for trial preparation constituted a denial of defendant's right to counsel under the 6th Amendment of the United States Constitution.

*Point* III.   The prosecutor's comments regarding the lack of evidence produced by the defense improperly prejudiced the jury.

This court when reviewing a warrant duly issued by a judicial officer need only determine whether substantial evidence in the record supports the decision to issue the warrant. *Massachusetts v. Upton,* 466 *U.S.* 727, 728, 104 *S.Ct.* 2085, 2085–2086, 80 *L.Ed.*2d 721, 724 (1984). A search pursuant to a warrant is assumed to be valid. *State v. Schumann,* 156 *N.J.Super.* 563, 565 (App.Div.1978). The affidavits supporting the warrant must provide a substantial basis for determining the existence of probable cause by setting forth legitimate information and not merely conclusory statements which lack an articulated factual basis. *Illinois v. Gates,* 462 *U.S.* 213, 239, 103 *S.Ct.* 2317, 2332, 76 *L.Ed.*2d 527, 548–549, reh'g den. 463 *U.S.* 1237, 104 *S.Ct.* 33, 77 *L.Ed.*2d 1453 (1983). Whether a warrant is based upon probable cause depends upon the totality of the circumstances set forth in the affidavit when viewed in a practical and common sense way; the question is: does the warrant establish that there is a fair probability that contra-

band or evidence of a crime will be found in a particular place? *Gates*, 462 *U.S.* at 238, 103 *S.Ct.* at 2332, 76 *L.Ed.*2d at 548. The earlier two-prong test of *Aguilar v. Texas*, 378 *U.S.* 108, 84 *S.Ct.* 1509, 12 *L.Ed.*2d 723 (1964) and *Spinelli v. United States*, 393 *U.S.* 410, 89 *S.Ct.* 584, 21 *L.Ed.*2d 637 (1969) was seen to cause an overly technical dissection of the record and its contents, which detracted from the reviewing court's function of determining whether the issuing judge had a substantial basis for concluding that probable cause existed. *Gates*, 462 *U.S.* at 234–238, 103 *S.Ct.* at 2330–2332, 76 *L.Ed.*2d at 545–548. No reported decision of an appellate court of this State has adopted *Gates;* however, we view the *Gates* test as the more practical and sensible approach to determining probable cause. *Cf. State v. Southard*, 144 *N.J.Super.* 501 (App.Div.1976). *See State v. Novembrino*, 200 *N.J.Super.* 229, 233 n. 2 (App.Div. 1985), leave to appeal granted 101 *N.J.* 305 (1985) (Appellate Division declined to decide whether the *Gates* standard applied).

Two Gloucester City police officers on October 14, 1983 gave affidavits in support of the warrant. They related that on numerous occasions they had received from private citizens as well as other Gloucester City police officers information that defendant resided at the residence sought to be searched and that he was selling drugs there. The officers asserted they had heard from two independent sources that defendant had attempted to sell "P2P, the main ingredient in the production of methamphetamine" in January of 1983. The fact that two separate sources provided this information gives it credence in light of defendant's arrest approximately five months earlier for an assault which was related by a "very reliable source" to be connected to a drug related debt. Further, defendant was arrested in June 1983 and was awaiting grand jury action on a charge of possession of a controlled dangerous substance.

The officers also averred that they received information from Patrolman Billingham of the Gloucester City Police Department that on the weekend before the warrant was issued defendant was present at the apartment of Theresa Moring and Harry

Fox at 119 Hughes Avenue, Gloucester City, and was in possession of one-quarter pound of believed methamphetamine. Defendant allegedly asked Harry, a known drug abuser and distributor, to distribute the methamphetamine. This information was specific as to dates, place and quantity of a particular drug. The statement does not shed light on the manner in which the information was obtained; however, it does provide a sufficiently detailed description of the criminal activity for the issuing judge to have concluded that there was a reasonable likelihood that the information was reliable. *Cf. Spinelli,* 393 *U.S.* at 416, 89 *S.Ct.* at 589, 21 *L.Ed.*2d at 643–644. In addition, the warrant noted that during the month of October 1983 an individual was arrested who gave information that defendant was distributing quarter ounces of methamphetamine for $225 and three grams for $175 on consignment to others and that he collects for the drugs upon completion of the sales. Again the information is precise as to quantities, cost and means of collection.

■ We recognize that none of the individual assertions of criminal activity are corroborated. Nonetheless, in the totality of the circumstances, the multiple accounts of criminal activity have sufficient detail to bolster their authenticity and create a mosaic of sufficient probable cause to support the conclusion that the issuing judge had before him a substantial basis for concluding that probable cause existed. *Upton,* 466 *U.S.* at 733, 104 *S.Ct.* at 2088, 80 *L.Ed.*2d at 727–728. The motion to suppress was properly denied.

■ Defendant contends that he was denied effective assistance of counsel because of the trial judge's refusal to postpone the trial. The record is barren of any evidence that counsel for defendant failed to function as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington,* 466 *U.S.* 668, 688, 104 *S.Ct.* 2052, 2065, 80 *L.Ed.*2d 674, 693–694, reh'g den. 467 *U.S.* 1267, 104 *S.Ct.* 3562, 82 *L.Ed.*2d 864 (1984). We find no abuse of discretion in the trial court's denial of an adjourn-

ment. Counsel was familiar with the case, had handled the motion to suppress six months before and was not compelled to start the trial until the following day. *State v. Kyles,* 132 *N.J.Super.* 397, 402 (App.Div.1975).

Defendant's assertion that the prosecutor made improper remarks during summation which improperly prejudiced the jury is clearly without merit. *R.* 2:11–3(e)(2).

We affirm the denial of defendant's motion to suppress and his jury convictions.