*8 OPINION of the Court by
Judge Trimbt.e
— The object of this motion is to obtain leave to file the entry under which the complainant in the court below claims title, an entry made in the name of — — -, w hich the former entry calls to adjoin, and thereby made part of it, and also the survey and patent of the complainant’s claim ; the clerk of the inferior court having failed to certify them as a part of the record ; it being suggested that this failure has happened on account oí the before mentioned exhibits having been mislaid, or lost out of the papers in the court below, since the trial oi the cause therein.
if precedents furnilh no remedy, the court mull deviie one.
The application ihculd hs made to the court who tried ti;e Chulé $ if they were Tatis-tied ’.he exhib-ís were before them on -hr trial, they tb uld perm t them to be filed
1 o ne brought up to thii court by certiorari.
buch an ex*» erci.ew power ought to becau-tiouíly ufen.
None but matte's cf public record, ought to be admitted to the file, on fuch an appii-
JSott —On application to the general court, leave was given to file the papers, a bill of exceptions taken, and the act of the general court approved by this court-lee the cafe decided, Oct. J2f 1809*
The question is of great difficulty, and of the highest importance to the community. On the one hand, there may be great danger in lending too easy an ear in this court to applications of this kind. V\ hether the exhibits were really before the inferior court, at the hearing of the cause, or not, is extremely difficult, if not impossible for us to determine ; and the question may depend on matters of fact which this court in general ought not to decide in the fi- st instance. On the other hand, incalculable mischief and injustice may be done, if accidents of this kind can in no way be remedied.
It is the duty of the clerk of the inferior court to keep safely the papers and records lodged in his office ; but there are a variety of means by which exhibits m a cause, and especially a chancery cause, may be mislaid, even without his fault. The judges, who have had the original papers to enable them to make up a decree, may accidentally have failed to return some of the exhibits ; or they may, through mistake, have been filed away in some other cause ; or a variety of other accidents may have befallen them. That the party who has properly furnished his exhibits, which have thus casually been mislaid, should be wholly without remedy, and should lose his right thereby, would be highly iniquitous. The great difficulty is in devising and applying the remedy best calculated to avoid the dangers which present themselves on either side. We have been unable to find precedents to guide us ; but the law holds that there shall not be a mischief without a remedy, and where none has been heretofore devised, it is the duty of the court to apply such as will be most likely in similar cases to attain the ends of justice.
It seems to us that the difficulties arid dangers of yielding to the application in this court, are too great to be surmounted ; and that the mischief or accident, if it has really happened, can only be safely remedied by an application to the inferior court. If, upon application to the inferior court, they should be satisfied that the exhibits had really been before the court at the time of pronouncing the decree, we conceive it would be their duty to permit the exhibits, which had been accidentally mislaid, to be filed or placed among the papers in the cause ; and then they should be brought into this court by certiorari.
*10 It must be confessed, that this power ought to be very circumspectly and cautiously exercised ; and neither party should be permitted thus to introduce any other exhibits than such as were matters of public record, and his own immediate title papers, or those referred to by them, and thereby made part thereof : as for example, his entry, survey and patent, and those entries relerred to by his own ; and such like matters of public record.
Upon the whole, we are of opinion that the motion for leave to introduce the exhibits aforesaid into the record in this court, must be overruled.