## FOWLER vs. MORE.

A writ or other process, lost or destroyed, may be supplied by parol evidence of its contents, if no better evidence thereof can be produced.

THIS was a proceeding by petition in debt, in the Pulaski Circuit Court, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. Judgment by default was rendered against Fowler, on the 14th of November, 1840. On the 11th of September, after notice given to Fowler, More moved the circuit court to supply the loss of the writ of summons alleged to have been issued, and to have been served in the case. The clerk stated that a writ of summons issued on the 27th of July, 1840, which, to the best of his recollection, knowledge, and belief, was in substance the one annexed to his affidavit: that it was returned, and in court, and among the papers, when judgment was rendered, with a return thereon very much in substance like the one on the writ so annexed: that it had been lost or mislaid, after judgment,

Fowler *vs.* Mo·e.

and had not been found after diligent search. The deputy sheriff stated that a writ came to his hands, and was served a day or two after it was issued, but on what precise day he did not recollect; and that the copy so annexed, was, to the best of his recollection and belief, a true copy. The record was supplied by the paper so annexed.

*Pike & Baldwin,* for the plaintiff in error. This court has touched this question, in *Smith vs. Dudley,* 2 *Ark.* 60, where the authorities were considered; and the court said, that without some provision or authority given by the Legislature, they would be exceedingly unwilling to take upon themselves to decide that a lost judicial record, which constituted the sole foundation of the proceeding, or cause of action, could be proved or verified by parol; and that such a proposition could derive no support or countenance from the principles of the common law, and that surely there was no statutory regulation in regard to the matter.

Where a record has been lost, a copy may, in some instances, be read, without proof, upon oath that it is a true copy. But to warrant such evidence, the document must be, according to the rule of the civil law, *vetustate temporis aut judiciaria cognitione roborata.* 1 *Stark. Ev.* 194.

*Green vs. Proude,* 1 *Mod.* 117, only decides that where the court rolls had been burned, an exemplification of a recovery could be read, though not proved to be a true copy, because, said Lord HALE, as it was *ancient,* the court would not be so strict upon the evidence of it.

*Thurston vs. Slatford,* 1 *Salk.* 285, only shows that where a record of a conviction for recusancy had been lost, and came collaterally in question, *other* evidence might be given of it.

*Knight vs. Dauler,* Hard. 323, is very far from showing that a record can be supplied by parol evidence.

*Warren vs. Greenville,* 2 *Str.* 1129, was a case of presumption from length of time.

*Barry vs. Bebbington,* 4 *T. R.* 514, has nothing to do with the records. The point was, whether entries made by a steward, should be evidence after his death.

*Dillingham vs. Snow,* 5 *Mass.* 547, was a case of presumption from

length of time. So was *Stockbridge vs. West Stockbridge*, 12 *Mass.* 400.

The rule laid down in Plowden, is that " whatever the jury may take cognizance of, themselves, may be given in evidence by parol, or by copies, or by other arguments of truth." *Newis vs. Lark, Plow.* 411.

It was held, in *Leighton vs. Leighton, Str.* 210, that parol evidence could be given of the condition of records, and the manner of keeping them, *but not of the matter of them.*

*Cook vs. Wood,* 1 *McCord,* 139, only proves that where the records are lost, the journals of the court may be evidence. So with *Lyon vs. Gregory,* 3 *Hen. & Mun.* 237.

But if parol evidence is admissible in such a case, still the testimony of the witnesses does not show that the writ was sealed with the seal of the court. That is a fact as to which there should have been positive evidence; for, as far as appears from the record, the writ may only have borne the private seal of the clerk.

*Trapnall & Cocke,* contra. The same question occurred, and the principle was adjudicated by the Supreme Court of Kentucky, in the case of *Gentry and others vs. Hacheraft,* 7 *Monroe,* 242, and in the case of *Craig vs. Horine,* 1 *Bibb* 8.

The correctness of the decision pronounced in these cases is vindicated by the close analogy, in point of principle and circumstances, to the cases of *Knight vs. Dauler, Hardress* 323. *Sir Paul Pendar's case,* 1 *Vent.* 296. *Dillingham vs. Snow,* 5 *Mass.* 521. *Stockbridge vs. West Stockbridge,* 12 *Mass.* 414. *Thruston vs. Slatford,* 1 *Salk.* 285. In the last case, it was determined that a mis-entry on the record might be corrected and *supplied* by other evidence; and the record of conviction of the Earl of Shrewsbury, for recusancy, having been lost, the University of Oxford could be and were permitted to prove the fact, and the effect of the record, by other testimony. See the case of *White vs. Lovejoy,* 3 *Johns.* 448. *Hitts vs. Colver,* 14 *John.* 182. *Swift, in his Treatise on Evidence, p.* 3. 1 *Starkie,* 155. *Buller's N. P.* 228. 1 *Starkie,* 157-9. It is unquestionably a well settled general principle, that a matter of record cannot be proven except by the re-

Fowler *vs.* More.

cord itself, or a legal exemplification of it; but the necessity which, in many of the cases above cited, justified a relaxation of the rigor of the general principle, so as to admit secondary evidence, would authorize the admission of the sworn statements of the clerk and sheriff, in supplying the loss of the summons in this case, in the absence of the high, if not conclusive, authority of the cases of *Gentry et. al. vs. Hochcraft,* and *Craig vs. Horine.*

The same principle which would authorize the admission of inferior testimony to establish the existence, loss, contents, and effect of a record, would at least, with as much reason and fitness, justify the substitution of such evidence, and make it supply, upon the record, the chasm occasioned by the loss.

*By the Court,* Lacy, J. This is an application to the court below to supply, by parol, a lost process. The plaintiff in error had notice of the motion, but did not appear. The clerk of the circuit court proved the issuing of the process, and the sheriff its service and return, more than thirty days prior to the first Monday of September, 1841, the time fixed by law for the holding of the circuit court to which such writ was returnable, and at which time judgment was rendered. The clerk testified that the form of the writ furnished, is, to the best of his knowledge and belief, a true copy of the original, which is lost; and although he does not state that the writ was attested by the seal of his court, yet he affixes a seal to the copy furnished, making the evidence complete as to his attestation. The sheriff also proves that he believes the copy to be a true one. Upon this proof, the court below allowed the writ to be supplied. Upon the issuing of the writ of error, the plaintiff below gave notice of the motion. The record, thus amended, has been brought into this court.

The inquiry now is, did the court below err in permitting the lost process to be thus supplied? This point is not wholly free of difficulty; but in looking into the adjudications upon the subject, we find several precedents where a lost process, or exhibit in chancery, may be proved by parol, and in the like manner as was allowed by the court in this instance. It has been considered and treated as a mere question of practice, in which the motives and temptations of official im-

propriety have been weighed against the evidence of the lost rights of suitors; and, therefore, as a matter of necessity, and to prevent a failure of justice, the rule has been established that such portions of lost records as process, and the like, may be amended by substituting, upon sufficient evidence, a copy in lieu of the original.   The principle here stated does not conflict with the doctrine laid down by the court, in the case of *Smith vs. Dudley,* 2 *Ark.* 63.   Where the record exists, if denied, it can only be tried by inspection.   Its production is certainly indispensable, so long as it is supposed to be in existence. But if lost or destroyed, it is then competent to prove its existence by a sworn or an authenticated copy.   This point is expressly decided, in *Gentry vs. Hochcraft,* 7 *Monroe,* 242; and in *Craig vs. Horine,* 1 *Bibb,* 8.   And the like principle was established, in the case of *Stockbridge vs. West Stockbridge,* 12 *Mass.* 421; and *White vs. Lovejoy,* 3 *J. R.* 438; and *Hitts vs. Calvin,* 14 *J. R.* 182.

Judgment affirmed.