Benny LUNSFORD *v.* STATE of Arkansas

CR 77-36                                          552 S.W. 2d 646

Opinion delivered July 5, 1977
(Division II)

*Acchione & King,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Benny Lunsford was found guilty of possession of marijuana with intent to deliver. A motion to suppress the evidence seized under the authority of a search warrant was denied. The motion was based, in part, upon the failure of the search warrant to inform the issuing municipal judge of the underlying facts and circumstances from which the informant concluded that marijuana was where he claimed it was. We find error in the denial of the motion to suppress and reverse.

An affidavit for the search warrant was made by Sheriff A. C. Hadaway. He stated that his reason to believe that marijuana was concealed in a mobile home occupied by Benny Lunsford on the Delton Lunsford property was based upon information from an unnamed reliable informant that Benny Lunsford had a quantity of marijuana upon the premises for sale and delivery. The affidavit contained a statement of sufficient reason for believing the informant to be reliable, but there was no statement of any fact to show how the informant knew marijuana was in the mobile home. The state attempted to supply this deficiency by the testimony of Sheriff Hadaway, who testified that he had related to the municipal judge the fact that the informant said that he had seen marijuana in a large square plastic bowl on the kitchen table in the house trailer that was the residence of Benny Lunsford. There was no indication that this statement was made to the judge under oath or that it was recorded.

We have long since recognized that an affidavit which states a mere conclusion of an unidentified informant is not sufficient basis for a magistrate's finding probable cause for the issuance of a search warrant, under federal constitutional standards, and that it is necessary that some of the underlying circumstances from which the informant arrived at his conclusion be included. *Walton & Fuller v. State,* 245 Ark. 84, 431 S.W. 2d 462. It is no longer necessary, however, that all the information that furnishes the basis for probable cause be stated in an affidavit or that, if an affidavit is made, it contain all the information relied upon to show probable cause. It is necessary that it be given under oath. Rule 13.1 (b), Rules of Criminal Procedure. That rule requires an application for a search warrant to be based upon one or more affidavits or recorded testimony.

The state admits that the affidavit was deficient but relies upon the silence of the record on the question whether the facts related by Sheriff Hadaway to the municipal judge were "recorded testimony under oath" as required by Rule 13.1 (b), and that appellant failed to object to the state's failure to produce the record of the testimony, or to the sheriff's testifying what he had orally told the municipal judge.

Appellant's motion to suppress was a sufficient objection in this instance. The state errs as to the burden of proof. It bore the burden of establishing that a search warrant relied upon by it was issued in compliance with the law by producing the required written evidence relied upon by the issuing magistrate as establishing probable cause. *Russ v. City of Camden,* 256 Ark. 214, 506 S.W. 2d 529. Since the state did not produce sufficient evidence to show that there was probable cause for the issuance of the warrant, the motion to suppress should have been granted. We consider the failure to record the testimony on which a search warrant is issued to be a substantial violation of proper safeguards in procedures for obtaining a search warrant.

Appellant urges us to dismiss the case but we cannot say with assurance that the state cannot produce other evidence of his guilt on retrial.

4

The judgment is reversed and the cause remanded.

We agree. Harris, C.J., and Byrd and Hickman, JJ.