STATE of Arkansas *v.* Richard Alan LECHNER
et al

CR 77-106                                       557 S.W. 2d 195

Opinion delivered November 7, 1977
(In Banc)

*Bill Clinton,* Atty. Gen., by: *Terry R. Kirkpatrick,* Asst. Atty. Gen., for appellant.

*Morgan E. Welch,* of *Patterson & Welch,* and *William R. Wilson, Jr.,* for appellees.

DARRELL HICKMAN, Justice. The state brings this interlocutory appeal pursuant to Rules 16.2(d) and 36.10 of the Arkansas Rules of Criminal Procedure (1976). The issues raised concern the identity and credibility, or reliability, of two undisclosed informants whose "leads" served as the basis for the state's search warrant. The three defendant-appellees were charged with possession and possession with intent to deliver controlled substances after various drugs were seized pursuant to this warrant. At a pretrial hearing the trial judge ordered the state to disclose the names of the two informants. When the state refused, the trial judge quashed the search warrant and suppressed the evidence seized pursuant to the warrant. It is from this order that the state appeals.

There are two issues which we will consider: was the trial court correct in ordering the state to disclose its informants; and, was the affidavit for the search warrant constitutionally sufficient.

The trial court was in error in ordering the state to disclose its informants. The defendants were merely charged with possession with intent to deliver. If the defendants were charged with having delivered drugs to the informants, then disclosure would be necessary because the informants would be participants in the offense. In this case, disclosure of the informants' identity was not critical to the defense and should not have been the basis for quashing the search warrant. *Brothers v. State,* 261 Ark. 64, 546 S.W. 2d 715 (1977).

We consider the affidavit's sufficiency to be the controlling issue. The parties strongly disagree as to its legal sufficiency; the trial court's ruling on it; and, whether it is a proper issue on appeal.

A police officer used information supplied by two undisclosed informants whom he asserted were reliable to show probable cause for the issuance of the search warrant. His affidavit, in relevant part, provides:

Affiant states that on 1-28-76 a reliable confidential informant, who has proven to be very reliable in the past and whose information has resulted in the arrests of two

felony cases, observed in the above-mentioned residence a large quantity of amphetamines (cross-tops) and cocaine.

Affiant states that on 2-3-76 the same reliable confidential informant observed several sales of marijuana and amphetamines (cross-tops) by Richard Lechner and Troy Smith at the above-mentioned residence.

Affiant states that on 2-7-76 the same confidential informant observed sale and use of controlled substances, namely, marijuana and amphetamines.

Affiant states that on 2-16-76 the same reliable confidential informant observed a large quantity of amphetamines (cross-tops) and marijuana and also observed sales and use of these controlled substances at the above-mentioned residence.

Affiant states that on 2-16-76 he received information from another reliable confidential informant, whose information has been verified, that a large quantity of amphetamines were at this residence.

The use of the undisclosed informant's information was hearsay and is permissible. However, in order to satisfy the guarantees of the Fourth and Fourteenth Amendments to the United States Constitution, a test has been devised to make certain that the hearsay information supplied by an informant is more than a rumor and satisfies the requirement that a search be based upon probable cause. The so-called "two-pronged" test, which is a good test to prevent abuse, is set forth in *Aguilar* v. *Texas,* 378 U.S. 108 (1965). First, the judge who issues the search warrant must be informed of some of the facts or circumstances from which the informant concluded that narcotics or contraband could be found where he claimed they were; and, second, the judge must be informed of some of the underlying circumstances that would show or prove that the officer's informant was "credible" or the information was "reliable." *Aguilar, supra,* at 114.

Having created this test, the United States Supreme Court was immediately presented the problem of how to apply it practically and evenly to a given situation. The court rejected an informant's "tip" when the informant had not personally observed illegal activity. *Spinelli* v. *United States,* 393

U.S. 410 (1969). The court has since retreated from *Spinelli*. See *United States* v. *Harris,* 403 U.S. 573 (1971). The problem in applying the "two-pronged" test was foreseen by Justice Clark in *Aguilar*:

> ... that the Court has substituted a rigid, academic formula for the unrigid standards of reasonableness and 'probable cause' . . . . *Aguilar, supra.* (Clark, J. dissenting) at 122.

It is not easy for the courts to apply this test because obviously some affidavits barely pass while others barely fail.

We can only take the language in *Aguilar,* use a degree of common sense, refer to our previous decisions and those of other courts, and trust that the boundaries of constitutional acceptability will become clear to those responsible for drafting and issuing search warrants.

Some boundaries have already been established. If a reliable informant personally observed the illegal goods or activities, then the first part of the test is satisfied. *United States* v. *Ventresca,* 380 U.S. 102 (1965). This "prong" may also be satisfied by corroborating the informant's "lead" with information within the knowledge of the police officer. See *United States* v. *Harris, supra.* When an informant's statement goes into great detail as to the place, people, contraband, types and quantity of drugs and so forth, it can satisfy this first requirement. See *Harris, supra.*

The real problem with these affidavits involve establishing the reliability of the informant or the credibility of his information. Obviously an informant who has produced information that has resulted in convictions in the past could be considered "reliable." *Shackleford* v. *State,* 261 Ark. 721, 551 S.W. 2d 205 (1977). We have held that an incriminating statement by an informant can satisfy this test. *Baxter* v. *State,* 262 Ark. 303, 556 S.W. 2d 428 (1977). The informant's reliability may be established by information within the knowledge of the person signing the affidavit. *Baxter* v. *State, supra.* In *Spinelli* the court stated that a judge confronted with minute details could reasonably infer that the informant had

gained information in a reliable way. Recent and personal observations by the informant of criminal activity are factors showing that the informant's information has been gained in a reliable manner. *Harris, supra; Jones* v. *United States,* 362 U.S. 257 (1960).

However, the bare statement by a police officer that he has received information from a reliable informant is not enough to satisfy the test. *Walton & Fuller* v. *State,* 245 Ark. 84, 431 S.W. 2d 462 (1969); *Byars* v. *State,* 259 Ark. 158, 533 S.W. 2d 185 (1976).

But what of the informant who has just gone into the business or one who might be called the citizen-informer, and has no prior record of deals with the police in such matters? This is a tough problem, and perhaps the one we have before us. In that case there must be something in the affidavit or evidence presented to show the judge that the tip can be relied upon or the informant is telling the truth. If other evidence, besides the affidavit is before the issuing judge, it must be presented under oath and a record made of that evidence. *Lunsford* v. *State,* 262 Ark. 1, 552 S.W. 2d 646 (1977); Rules of Crim. Proc., Rule 13.1 (1976).

Applying the standards set forth in *Aguilar* to this affidavit and comparing it to the affidavits in other cases, we hold that this affidavit is sufficient. It contains a detailed description of the type of drugs; personal observations by the informants were recent in time, the last one being made the day before the search warrant was issued; and, sales of drugs were personally observed on three different dates. One of the informants had provided information resulting in two felony arrests. The fact that two informants gave identical information concerning illegal activity on the last date mentioned in the affidavit certainly helps to satisfy the credibility requirement. See *Jones* v. *United States, supra.*

We have viewed this affidavit in a "commonsense and realistic fashion" as suggested by the United States Supreme Court. See *Harris, supra.* However, this approach does not mean that we will abandon the obvious requirement that there must be some substance in such affidavits. Catch

phrases alone such as "reliable confidential informant, who has proven to be very reliable in the past," carry no weight.

We reverse the order of the court ordering disclosure, hold the affidavit was sufficient, and remand the case to the trial court.

Reversed and remanded.

BYRD, J., not participating.