Dianna SCHNEIDER *v.* STATE of Arkansas

CR 80-52                                   599 S.W. 2d 730
Supreme Court of Arkansas
Opinion delivered June 16, 1980
Rehearing denied July 7, 1980

*Wiggins, Christian & Garner*, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

JOHN A. FOOGLEMAN, Chief Justice. Appellant Dianna Schneider was sentended to five years' imprisonment upon revocation of her probation on a sentence imposed on January 25, 1977, after she had pleaded nolo contendere on a charge of unlawful possession of controlled substances. On her appeal she asserts three errors, one of which questions the sufficiency of the evidence. Two of them question the propriety of the trial court's denial of her motions to suppress evidence. We find no merit in them and affirm.

The prosecuting attorney filed a petition to revoke Ms. Schneider's probation, alleging that she had violated the terms of her probation in that she had, on February 3, 1979, committed the offense of possession of marijuana with intent to deliver, that, during her probationary period, she had actively engaged in the selling of marijuana and other drugs, and that she had committed the offense of possession of a firearm by a felon. It was on this petition that the probation was revoked, after a hearing before the trial judge.

We will not consider her points for reversal in the order they were argued; instead, we will first consider her motion to suppress the evidence of a telephone conversation, allegedly with her.

Detective Glen Yates, of the Narcotics Division of the Fort Smith Police Department, and other police officers arrested William Rhodes and Phillip Bruce at about 4:15 p.m. on February 3, 1979, for sales of marijuana, and took them to the police department where they were interrogated. Apparently, Rhodes and Bruce implicated Ms. Schneider as the source of their supply. Bruce, upon the urging of Detective Yates, placed a telphone call, which was recorded on tape. This recording disclosed a conversation by Bruce with a person who answered to the name Dianna and whose voice was identified by Yates as that of appellant. It tended to incriminate her as a supplier of marijuana. The trial judge, after having denied a motion to suppress the evidence of this conversation, considered it, along with other evidence, in finding that Ms. Schneider had violated the terms of her probation.

It was asserted by appellant that the telphone conversation was intercepted without the consent of either of the parties to it, and, consequently, was inadmissible because of 18 U.S.C. § 2511 (2) (c), which makes the interception of such a conversation lawful, if one of the parties has given his prior consent. The state contends that Bruce did consent, but appellant counters that the consent was not voluntarily given. The evidence on this point is somewhat conflicting. Yates testified that Bruce agreed to make the telephone call 10 to 15 minutes prior to its being made and that Bruce was told, before the call

was placed, that the conversation would be recorded and probably used in court. He said that Bruce appeared normal, but a little frightened, due to the fact that he had been arrested. Yates stated that he noticed nothing unusual about Bruce's demeanor, and that Bruce showed no signs of having lost control of his "facilities" by reason of having marijuana or LSD. He said that Bruce exhibited none of the classical symptoms of being under the influence of LSD. He stated that Bruce had no objection to the recording of the conversation and that no promises were made to him that things would go lighter with him if he would cooperate. Yates said that Bruce was advised that everything he did would be reported to the prosecutor's office.

Bruce testified that he made the telephone call at the suggestion of Yates but consented to its being recorded only because Yates told him the recording would be made so the officers could hear it and it would never leave the room in which it was made. Bruce said that he did not think he would have made the call if he had not been promised it would not be used. He also said that he was promised that the officers would talk to the prosecuting attorney for him, and that Yates promised to try to get the prosecuting attorney to go easy on him. Bruce testified that, at the time, he was under the influence of LSD and marijuana and was laughing and shaking uncontrollably, but did not hallucinate. He did not remember whether he had any problem talking. He said that he was willing to get out of the jam any way he could.

The trial judge specifically found that Bruce had voluntarily consented to the recording of the telephone call. Assuming, without deciding, that Congress can adopt an exclusionary rule in this field governing the state courts, we are unable to say that the trial judge erred. It has been held that a defendant who contends that the caller's consent was obtained through a hope for leniency has the burden of establishing that consent was not voluntary by showing that the informer's will was overcome by threats or improper inducement amounting to coercion or duress. *United States* v. *Hodge*, 539 F. 2d 898 (6 Cir.), cert. denied sub nom *Robertson* v. *United States*, 429 U.S. 1091, 97 S. Ct. 1100, 51 L. Ed. 2d 536 (1977). It has been said that, even though it is unlikely that one

would permit the police to intercept a conversation unless he expected something from the police in return, the consent is not involuntary, so long as pressure is not intiated by the police for the purpose of overbearing the will of the party. *United States* v. *Osser*, 483 F. 2d 727 (3 Cir.), cert. denied 414 U.S. 1028, 94 S. Ct. 457, 38 L. Ed. 2d 321 (1973); *United States* v. *Baynes*, 400 F. Supp. 285, aff'd. 517 F. 2d 1399 (3 Cir., 1975). It has also been held that, in order to show voluntary consent, it is not necessary to make the showing that would be required to show consent to a search; it is only necessary to show that the caller proceeded after knowing "what the law officers were about." *United States* v. *Bonanno*, 487 F. 2d 654 (2 Cir., 1973).

The question resolves itself into one of credibility and resolution of conflicts. Since it does, we must defer to the superior position of the trial judge. *State* v. *Osborn*, 263 Ark. 554, 566 S.W. 2d 139; *Whitmore* v. *State*, 263 Ark. 419, 565 S.W. 2d 133; *Horton* v. *State*, 262 Ark. 211, 555 S.W. 2d 226.

We now turn to the question of admissibility of certain firearms, some marijuana and money seized as a result of a search, pursuant to a warrant issued by a municipal judge upon the affidavit of Detective Yates. At the outset, we reject appellant's contention that the trial court erred in placing the burden of showing that the warrant was improperly issued upon her. Appellant relies upon *Lunsford* v. *State*, 262 Ark. 1, 552 S.W. 2d 646. In that case, we held that the state bore the burden of establishing that a search warrant was issued in compliance with the law by producing the required written evidence relied upon by the issuing magistrate as establishing probable cause. The decision in *Lunsford* was based upon our decision in *Russ* v. *City of Camden*, 256 Ark. 214, 506 S.W. 2d 529. In *Russ*, we simply held that, in order that the accused might have the opportunity to assail the validity of a warrant upon which the state seeks to justify a search and the affidavit upon which the warrant was based, the state has the burden or responsibility of producing the warrant and affidavit or to follow approved procedure for establishing their contents. This is necessary because the issuance of the warrant is not an adversary proceeding and the accused may have never seen either the warrant or the affidavit, whose validity he may

attack on a motion to suppress evidence seized. When the warrant and affidavit appear to be facially valid, there is a presumption that everything essential to the issuance of the warrant has been done. *Albright* v. *Karston*, 206 Ark. 307, 176 S.W. 2d 421. The burden of showing the invalidity of the warrant and its supporting documents was upon appellant. *Prichard* v. *State*, 258 Ark. 151, 523 S.W. 2d 194.

Appellant states that the sufficiency of the affidavit is the only issue. She says that there were these deficiencies in the affidavit:

1. The statements by Rhodes and Bruce were hearsay because neither were under oath before the judicial officer who issued the warrant, but the affidavit contained nothing to show their reliability or the reliability of the information they gave.

2. There was nothing in the affidavit to identify the voice on the tape recording of the telephone conversation as that of appellant.

3. The source or reliability of Yates' statement that he had, during the course of his investigations, received information that appellant was then active in the drug traffic in Ft. Smith, and the statement itself was conclusory.

4. There was no statement of the underlying facts and circumstances from which the judicial officers could determine that the objects of the search were where the informants said they were.

5. The affidavit does not reveal that affiant speaks with personal knowledge of the matter contained there, that is: whether he personally observed Bruce call anyone; the identity of the person who identified appellant as the person called, the telephone number called and the address given as the residence of appellant.

Of course, since appellant had the burden of showing the

invalidity of the search warrant, any statement of fact, made as such, in the affidavit must be taken to be within the personal knowledge of the affiant, unless the contrary is shown.

The affidavit contains a statement that Bruce called Schneider at 782-2459 and she stated she had a quantity of marijuana that she would sell him at 6:30 p.m., that the call was recorded and the tape was attached to the affidavit as an exhibit. Yates testified that the judge listened to the tape before issuing the warrant. Yates also testified that he had recognized appellant's voice on the tape.

The statement that Yates had received information that appellant was currently active in the drug traffic seems to us to be no more than background for the information he obtained from Rhodes and Bruce. This information given by them was sufficient basis on which a magistrate might reasonably believe that there would be marijuana at appellant's house at 1800 S. 16th Street in Ft. Smith. The source of information about the house and the address was identified in the supporting papers. A statement given by Rhodes to the prosecuting attorney was attached to the affidavit as an exhibit. Yates stated in his affidavit that this statement to the prosecuting attorney was made under oath.

The reliance of Yates and the municipal judge on the statement of Rhodes under oath was justified. In his statement, Rhodes stated that, on 10 or 12 different occasions over a period of months, the last of which was only two days prior to his statement, he had obtained marijuana from Ms. Schneider without paying her, sold it and then took her the money he received for it. He also said that he knew that two others had been arrested while in possession of marijuana furnished them by appellant. The incriminating nature of this statement was a sufficient basis for finding it reliable. *State* v. *Lechner*, 262 Ark. 401, 557 S.W. 2d 195; *Baxter* v. *State*, 262 Ark. 303, 556 S.W. 2d 428; *Maxwell* v. *State*, 259 Ark. 86, 531 S.W. 2d 468.

It is true that the prosecuting attorney advised appellant's attorney about one week prior to the hearing on the petition for revocation that Rhodes had stated in an inter-

view that his statement was in error, and while part of it had a basis of fact, the police were very liberal in writing the documents. The prosecuting attorney was unable to remember any "specifics." Four days later, the motion to suppress was filed. Two days after that, the hearing was held. Rhodes refused to testify at the hearing when his attorney invoked his privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Appellant's counsel then made a proffer of answers he anticipated that Rhodes would have given if he had testified. These answers would have substantially contradicted the statement signed by him, but they cannot be taken as evidence.

It is true that the United States Supreme Court has held that a search warrant must be voided and its fruits excluded, if a defendant establishes, by a preponderance of the evidence, that a statement essential to the establishment of probable cause for a search was false and was knowingly and intentionally, or with reckless disregard for the truth, included in the affidavit. *Franks* v. *Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). Yates testified that, at the time he obtained the search warrant, there was nothing in Rhodes' statement which he knew to be untrue. Appellant did not make the required showing.

Appellant's contention that the evidence was not sufficient to support the revocation of probation must fail, in view of our rejection of her arguments that evidence considered by the trial court should have been suppressed.

The state has relied, to some extent, upon Ark. Stat. Ann. § 41-1209 (3) (b) (Repl. 1977), which provides that the trial court may permit the introduction of any relevant evidence of the alleged violation of the terms of probation, regardless of its admissibility under the rules governing the admission of evidence in criminal trials. Since we have held that the search was not unreasonable, we have not considered this statute. It is true that the United States Supreme Court has not held the exclusionary rule to be applicable to probation revocation proceedings. The state also correctly points out that the court has shown a disinclination to extend the impact of the exclusionary rule. See, e.g., *Stone* v. *Powell*, 428

U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976); *United States* v. *Janis*, 428 U.S. 433, 96 S. Ct. 3021, 49 L. Ed. 2d 1046 (1976); *United States* v. *Calandra*, 414 U.S. 338, 94 S. Ct. 613, 38 L. Ed. 2d 561 (1974). The great majority of jurisdictions that have considered the question have taken the view that evidence obtained as the result of an unreasonable search and seizure is admissible in a probation revocation hearing. See Annot. 77 ALR 3d 636, 30 ALR Fed. 824. The refusal to apply the rule in cases where the search was conducted in a good-faith reliance upon a warrant later proven defective has some appeal as an accommodation of the societal interest in requiring strict compliance with conditions of probation with the deterrence of illegal police action. We have previously indicated that the exclusionary rule might not have full impact in these proceedings. *Smith* v. *State*, 241 Ark. 958, 411 S.W. 2d 510.

Since the application of the statute upon which the state relies would involve consideration of the relation of Fourth Amendment rights, as protected by the exclusionary rules, to the validity of the statute, this question raised by the state is reserved for another day, in keeping with our rule against deciding constitutional questions when it is not necessary to the disposition of the case before us.

The judgment is affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I cannot agree with the majority on the basis of this opinion. There was probably ample evidence other than the telephone conversation and the fruits of the search to permit the court to revoke the suspended sentence. However, I would exclude the fruits of the search because the warrant does not measure up to the requirements of the constitution or our rules.

The affidavit for the search warrant is absolutely void of personal knowledge on the part of the affiant. It consists of hearsay, conclusions, rumors, and bits of history about the appellant. There was no proven reliability of the informants;

in fact, they had never been used by this officer or any other officer, as far as it can be determined from the record.

We should hold the exclusionary provisions of the Fourth Amendment to the United States Constitution do not apply in cases relating to revocation of probation, or we should reverse and remand the case for further consideration.