Woodrow MAYS *v.* STATE of Arkansas

CR 91-200                                          822 S.W.2d 846

Supreme Court of Arkansas
Opinion delivered January 21, 1992

*Robert N. Jeffrey*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. On March 15, 1991, Benton Municipal Judge, Sandra Partridge, issued a search warrant based on two written affidavits and the oral testimony of informants Terry and Lori Ward. The warrant commanded a search of appellant, Woodrow Mays, and of a Benton motel room where the appellant was living. During the search officers discovered six quarter grams of methamphetamine.

Mays was convicted of multiple counts of possession and delivery of a controlled substance and, as a habitual offender, sentenced to consecutive terms totaling eighty years. On appeal Mays asserts that the trial court erred in denying his motion to suppress evidence.

Ark. R. Crim. P. 13.1(b) provides that "the application for a search warrant . . . shall be supported by one (1) or more affidavits of recorded testimony under oath before a judicial officer. . . ." Subsection (c) of the rule states, in part, "if sworn testimony alone is offered in support of the application, such testimony shall be recorded pursuant to subsection (b) hereof".

In this case, both sworn testimony and affidavits of Terry and Lori Ward were taken, however, the affidavits were later misplaced. At the suppression hearing, Judge Partridge testified that on March 15, 1991, in her capacity as Municipal Judge she issued a search warrant for the appellant's person and the motel room. She stated that she put Terry and Lori Ward under oath and recorded their testimony. She also testified that the Wards executed two written affidavits at that time. At the suppression hearing the tape recording of the proceedings was received in evidence and played for the trial court. However, it was not made a part of the record in this appeal.

■■ The appellant argues that the trial court should have suppressed evidence taken pursuant to the search warrant because of the failure to provide the affidavits. When the accused attacks the validity of a search warrant and the affidavit upon which the warrant was based, the state has the burden of producing the warrant and affidavit or of following approved procedure for establishing their contents. *Schneider* v. *State*, 269 Ark. 245, 599 S.W.2d 730 (1980). The burden of showing the invalidity of the warrant then shifts to the appellant. *Id*. In another context, the failure of the state to produce the affidavits might be fatal, however, the appellant is *not* challenging the validity of the search warrant on the grounds that the affidavits or testimony did not establish reasonable cause for the warrant to be issued. Rather, Mays is merely asserting that under Rule 13.1 the state must produce an affidavit to support the warrant. Appellant's argument lacks merit because where there is no claim that the contents of the affidavits do not support the issuance of a search warrant, the absence of the affidavits themselves is inconsequential. The significance of the affidavits is to preserve information for the later determination that the warrant was properly issued. Where that is not disputed, the appellant's argument becomes abstract and without substance. Ark. R. Crim. P. 16.2(e).

The appellant also contends that the state did not provide copies of the tape and written affidavits pursuant to discovery requests, therefore, the evidence should be suppressed. Defense counsel's objection to the introduction of the taped recording at the suppression hearing was on the grounds that the warrant was invalid because there was not an accompanying affidavit. There was no objection based on the discovery request. Because that specific objection was not made with a fair opportunity for consideration by the trial judge, this Court will not now consider it on appeal. *Moore* v. *State*, 304 Ark. 257, 801 S.W.2d 638 (1990).

Affirmed.