2009 Ark. App. 96

**Michael Lee LAYTON, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 07–1292.**

Court of Appeals of Arkansas.

Feb. 18, 2009.

Ark.App. 39, 839 S.W.2d 10 (1992).

Scott A. Strain, North Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Karen Virginia Wallace, Ass't Att'y Gen., Little Rock, for appellee.

JOHN B. ROBBINS, Judge.

Appellant Michael Lee Layton was convicted in a jury trial of possession of cocaine with intent to deliver, simultaneous possession of drugs and firearms, and being a felon in possession of a firearm. Mr. Layton was sentenced to concurrent prison terms of forty, fifty, and forty years. Appellant's counsel originally filed a motion to withdraw on the grounds that an appeal would be without merit pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Ark. Sup. Ct. R. 4–3(j)(1). However, in an unpublished opinion we held that an appeal of Mr. Layton's convictions would not be wholly frivolous, and we ordered rebriefing in an adversary form. *See Layton v. State*, CACR07–1292 (Ark.App. July 25, 2008).

Mr. Layton now brings this merit appeal, raising two points for reversal. First, he contends that the trial court erred in failing to grant his motion to dismiss for lack of a speedy trial. Next, he argues that there was insufficient evi-

dence to support his convictions. We affirm.

Columbia County Sheriff Calvin Knighton testified for the State. Sheriff Knighton testified that he was driving on Highway 371 South toward Louisiana when a car passed him at a high rate of speed. Sheriff Knighton called Deputy Coby Schmittou, who subsequently clocked the car at eighty-two m.p.h. and conducted a traffic stop. The driver of the car was Mr. Layton, and his wife, Josette Layton, was in the front passenger's seat. The car was registered in the names of both appellant and his wife.

After Deputy Schmittou made the stop, Sheriff Knighton arrived at the scene and gave assistance. Sheriff Knighton heard Mr. Layton tell Deputy Schmittou that he had a weapon in the car, and a loaded gun was found in plain view between the driver's seat and the console. At that time Mr. Layton was removed from the vehicle and placed under arrest. Sheriff Knighton found a backpack in the rear of the vehicle behind the passenger's seat, and upon being questioned Mrs. Layton advised that it was her bag. Inside the backpack the police found a Crown Royal bag containing 13.6 grams of crack cocaine and 2.6 grams of marijuana. Also in the backpack was about $400 in cash and several of Mrs. Layton's personal belongings, some of which contained her name. Sheriff Knighton acknowledged that no fingerprint analysis was conducted, and he did not recall finding any item in the backpack with Mr. Layton's name on it. Deputy Schmittou also testified for the State, and he confirmed that Mr. Layton claimed ownership of the gun.

Appellant's wife testified against him at the trial. Mrs. Layton testified that they had been married for four years and lived in Louisiana near the Arkansas border. She stated that throughout their marriage they had both been selling crack cocaine out of their home. Mrs. Layton admitted joint ownership of the cocaine seized by the police in the present case, and previously entered a negotiated guilty plea to possession of cocaine with intent to deliver with the condition that she testify against her husband.

Mrs. Layton testified that on the day of their arrest they had driven to El Dorado and bought the cocaine from a man nicknamed Thug. She stated that Mr. Layton went in and purchased the cocaine from Thug at Thug's grandmother's trailer. Mr. Layton then gave the cocaine to Mrs. Layton and proceeded to drive toward home. According to Mrs. Layton, she put the cocaine in the Crown Royal bag, and then put that in the arm rest. She stated that she did not place the Crown Royal bag in her backpack, but indicated that Mr. Layton must have done that when they stopped at a gas station and she went inside to pay. Mrs. Layton stated that Mr. Layton knew all of their customers and did most of the selling. She had witnessed him selling cocaine numerous times.

In this appeal, we first address Mr. Layton's challenge to the sufficiency of the evidence to support his convictions. When a defendant challenges the sufficiency of the evidence, we consider only the evidence that supports the guilty verdict. *Walley v. State,* 353 Ark. 586, 112 S.W.3d 349 (2003). The test is whether there is substantial evidence to support the verdict. *Id.* Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another. *Id.*

Mr. Layton argues on appeal that his convictions for possession of a controlled substance with intent to deliver and simultaneous possession of drugs and

firearms must be reversed because there was no evidence to corroborate his accomplice's testimony that he was in joint possession of the cocaine or even knew of its presence in the vehicle. Mr. Layton correctly asserts that, pursuant to Ark.Code Ann. § 16–89–111(e)(1) (Repl.2005), a felony conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof. *Id.* Corroborating evidence need not, however, be so substantial in and of itself to sustain a conviction. *Tate v. State,* 357 Ark. 369, 167 S.W.3d 655 (2004). Rather, it need only, independently of the testimony of the accomplice, tend in some degree to connect the defendant with the commission of the crime. *Id.* However, evidence that only raises a suspicion of guilt is insufficient. *Id.* The presence of an accused in the proximity of a crime, opportunity, and association with a person involved in the crime are relevant facts in determining the connection of an accomplice with the crime. *Passley v. State,* 323 Ark. 301, 915 S.W.2d 248 (1996).

In the present case, Mr. Layton asserts that other than his wife's testimony, the State offered no proof that he possessed the cocaine. He notes that the cocaine was found in a backpack belonging to Mrs. Layton, which was located behind her seat in the car. Although appellant was driving the vehicle, he points out that it was registered in both of their names. In *Mings v. State,* 318 Ark. 201, 884 S.W.2d 596 (1994), our supreme court held that joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession, and that there must be some other factor linking the accused to the drugs. Mr. Layton submits that other than Mrs. Layton's testimony there were no factors linking him to the cocaine, and because of this lack of corroboration his directed verdict motions should have been granted with respect to the drug-related charges.

We hold that there was sufficient evidence to support Mr. Layton's drug convictions. The testimony of his wife that he bought the cocaine and that they were both involved in a drug-dealing operation was corroborated by other evidence that tended to connect Mr. Layton with possession of the drugs. In *Mings v. State, supra,* the supreme court held that among the factors to consider in a joint-possession case are whether the accused is the owner of the automobile or whether he exercises dominion or control over it. Here, Mr. Layton not only was a co-owner of the car but he was driving it when he was stopped by the police for speeding. There was also testimony that he had been stopped for speeding in the same vehicle two months earlier. Moreover, Mr. Layton admitted to the police that he was in possession of the loaded handgun that was in plain view and easily accessible to him at the time of the stop. Our supreme court has recognized that firearms are considered a tool of the narcotics dealer's trade. *See Kilpatrick v. State,* 322 Ark. 728, 912 S.W.2d 917 (1995); *Hendrickson v. State,* 316 Ark. 182, 871 S.W.2d 362 (1994). Finally, it is undisputed that Mr. Layton was in close proximity to the crimes and was closely associated with his accomplice, to whom he had been married for four years.

In *Tate v. State, supra,* our supreme court made it clear that while the corroborating evidence must be stronger evidence than that which merely raises a suspicion of guilt, the corroborating evidence in a case such as this need not rise to the level of proof necessary to support a constructive possession conviction. While the corroborating evidence would not have alone been sufficient to support a conviction, we have concluded in the present case that

there was sufficient corroborating evidence tending to connect Mr. Layton with the drug crimes. Therefore, we hold that the trial court did not err in denying Mr. Layton's motions for directed verdict.[1]

Although technically not an issue pertaining to the sufficiency of the evidence, Mr. Layton also challenges his conviction for felon in possession of a firearm under this point on appeal. He notes that the jury found him guilty of the two drug charges, but was not asked to deliberate and consider whether he was guilty of being a felon in possession of a firearm. Instead, during the sentencing phase, the trial court advised the jury:

> Ladies and gentlemen, this morning when we started, I told you that there were two charges pending against Mr. Layton. In fact, there were three charges pending against him. He was also charged with the criminal offense of being a felon in possession of a firearm. By finding him guilty this afternoon of simultaneous possession of drugs and a firearm, you have in effect, also found him guilty of being a felon in possession of a firearm. I tell you that because now you will be asked to render a sentence on all three of those charges.

Mr. Layton asserts that it was not the job of the trial court to make a finding of fact for the jury, that the question of whether he was a felon in possession of a firearm was never presented to the jury, and that the jury never made any finding of guilt on

that charge. As such, he requests reversal of that conviction.

Mr. Layton's argument challenging his conviction for felon in possession of a firearm cannot be reached on appeal because there was no objection made at trial and it has not been preserved for review. In *Middleton v. State*, 311 Ark. 307, 842 S.W.2d 434 (1992), the appellant argued that he was convicted of a charge not named in the charging instrument, and in affirming the conviction the supreme court wrote:

> [A]ppellant has not preserved this argument for our review. Appellant did not object to the charging instrument at trial. The trial court was not apprised of the error about which appellant complains and made no ruling for our review. As this argument is raised for the first time on appeal, it is not preserved for our review. *Mays v. State*, 308 Ark. 39, 822 S.W.2d 846 (1992). We point out that while it is true that being convicted of a crime for which one was not charged is a violation of due process, *Hill v. State*, 303 Ark. 462, 798 S.W.2d 65 (1990), *Hedrick v. State*, 292 Ark. 411, 730 S.W.2d 488 (1987), even constitutional arguments are waived when argued for the first time on appeal. *Collins v. State*, 308 Ark. 536, 826 S.W.2d 231 (1992).

*Id.* at 308, 842 S.W.2d at 435.

In the present case, pursuant to Mr. Layton's motion in limine the State offered

---

1. Although irrelevant, the dissenting opinion correctly asserts that the ownership of and control of a vehicle occupied by a husband and wife raises no suspicion of criminal activity, and that a man is not normally charged with knowledge of the contents of his wife's purse. Even so, there *is* something suspicious about owning and driving a car containing 13.6 grams of crack cocaine, and the husband's wife testifying that the husband is a drug dealer and the cocaine in their car had just been purchased for resale. However, reasonable suspicion is not the issue. The issue is whether wife's testimony is corroborated by evidence that in some degree tends to connect husband with the crime. As discussed in our opinion, we hold that there is. And we do not hold that gun possession equals drug dealer as so characterized by the dissent. Rather, the possession of a firearm coupled with ownership and control of a vehicle constitutes evidence tending to connect a person with a large amount of concealed drugs found in that vehicle.

no proof of his prior felonies prior to the jury finding him guilty of the two drug-related offenses. During the sentencing phase, without objection, the State admitted five certified felony convictions. Appellant never objected to the manner in which the trial court handled the felon-in-possession charge, nor did he object to the instructions to the jury during sentencing or the sentence returned by the jury. Moreover, during his closing argument at the sentencing hearing, appellant's counsel acknowledged the prior felony convictions and explained to the jury why these convictions were not revealed during the guilt phase of the trial. The State clearly presented proof of the prior convictions, and proved that Mr. Layton was in possession of a firearm as found by the jury in the guilt phase. There was no objection made below, and we cannot reach the merits of this argument as it is being raised for the first time on appeal.

■ Mr. Layton's remaining argument is that the trial court erred in not granting his pretrial motion to dismiss for lack of a speedy trial. Prior to trial, appellant argued to the trial court that he had not been tried within twelve months given that he was arrested on July 29, 2005, and the trial date was August 22, 2007. The trial court identified several excludable periods and denied the motion. Mr. Layton now contends that he made a prima facie case for a speedy-trial violation and that the State failed to show that the delay was the result of the defendant's conduct or otherwise justified.

Our supreme court discussed the speedy-trial requirements in *Turner v. State*, 349 Ark. 715, 720–21, 80 S.W.3d 382, 386 (2002), as follows:

Under Ark. R.Crim. P. 28.1, an accused must be brought to trial within twelve months unless a necessary delay occurs as authorized in Ark. R.Crim. P. 28.3. *Gwin v. State*, 340 Ark. 302, 9 S.W.3d 501 (2000). This means the accused must be tried within twelve months of the day the charges were filed, except that if prior to that time the defendant has been continuously held in custody, or has been lawfully at liberty, the time for trial commences running from the date of arrest. Ark. R.Crim. P. 28.2. Once a defendant shows his trial took place outside the applicable speedy-trial period, the State bears the burden of showing that the delay was the result of the defendant's conduct or otherwise justified. *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000); *Gooden v. State*, 295 Ark. 385, 749 S.W.2d 657 (1988). If a defendant is not brought to trial within the requisite time, Ark. R.Crim. P. 30.1 provides that the defendant will be discharged, and such discharge is an absolute bar to prosecution of the same offense and any other offense required to be joined with that speedy-trial violation. *Ferguson, supra.*

Mr. Layton is correct that he made a prima facie case that his speedy-trial right was violated, given that his trial did not occur until 754 days after his arrest. Nonetheless, the trial court's docket sheet reflects numerous excludable periods, as identified by the trial court prior to trial, the aggregate of which put the trial date within the required twelve-month period.

In particular, the docket sheet reflects that the case was passed from November 17, 2005, through January 5, 2006 (49 days) at the request of the appellant. The case was again passed at appellant's request from March 2, 2006, through May 4, 2006 (63 days).[2] Mr. Layton failed to ap-

---

2. The trial court mistakenly stated that this continuance was granted on February 2, 2006, but the docket sheet reflects the correct date.

pear on May 4, 2006, and next appeared 28 days later on June 1, 2006. Under Rule 28.3(e), a period of delay resulting from the absence of the defendant is excluded from computation. Appellant again requested and was granted a continuance from July 6, 2006, through September 7, 2006 (63 days). Finally, the docket sheet reflects that Mr. Layton again failed to appear and his next appearance was not until May 3, 2007, which was 238 days after the last scheduled trial date.

The aggregate of the above excluded periods is 441 days. Mr. Layton was brought to trial in 754 days, leaving only 313 chargeable to the State. While Mr. Layton complains on appeal that the State offered no argument at the time his speedy-trial motion was made, the docket contained in the record clearly demonstrated that Mr. Layton was timely brought to trial as found by the trial court. Because Mr. Layton was brought to trial within twelve months as calculated under Rule 28, the trial court correctly denied his motion to dismiss.

Affirmed.

GRUBER, GLOVER, and BROWN, JJ., agree.

VAUGHT, C.J., and MARSHALL, J., concur in part; dissent in part.

VAUGHT, Chief Judge, concurring in part and dissenting in part.

I agree with the majority to affirm the conviction for felon-in-possession of a firearm, and would deny appellant's speedy-trial argument. However, I do not believe that the evidence was sufficient to convict on the two drug charges, because there was no evidence to corroborate the testimony of Layton's wife, who was an accomplice. Therefore, I would reverse and dismiss on the possession-with-intent-to-deliver and simultaneous-possession-of-drugs-and-firearms charges.

There is no dispute on the evidence as presented at trial, and the majority opinion sets it forth accurately. Excluding the testimony of Mrs. Layton the connecting evidence to the crime of possession of drugs is the ownership and control of a vehicle and the possession of a firearm. Notwithstanding the majority's citation of *Mings v. State*, 318 Ark. 201, 884 S.W.2d 596 (1994), the ownership and control of a vehicle occupied by a husband and wife traveling together does not raise any suspicion of criminal activity whatsoever. If driving your own car, with your wife beside you, proves that you are aware of the contents of your wife's purse, then many men are in jeopardy.

Realistically, the only evidence the State had is the possession of the gun. While the majority, as did the State, relies on *Kilpatrick v. State*, 322 Ark. 728, 912 S.W.2d 917 (1995), that case is not nearly as persuasive as it first appears. The language of *Kilpatrick* sounds dispositive, "This court has recognized that firearms are considered a tool of the narcotics dealer's trade." *Id.* at 734, 912 S.W.2d at 920. However, the facts of *Kilpatrick* are easily distinguishable. There, the gun was not the only proof offered to establish a nexus to the crime. The drugs were *in plain view* in the presence of the defendant. In light of our society's acceptance (even our legislatures' seeming insistence) of a citizen's right to own and possess firearms, I do not believe that our supreme court intended to paint with the broad brush of—gun possession equals drug dealer. It has fallen on our court to make that pronouncement with this decision. I disagree and therefore, I dissent.

MARSHALL, J., joins.